**STATE of Missouri, Respondent,**

v.

**Craig JOHNSON, Appellant.**

**No. WD 67790.**

Missouri Court of Appeals,
Western District.

July 22, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 2008.

Application for Transfer Denied
Sept. 30, 2008.

---

---

William J. Swift, Columbia, for Appellant.

Shaun J. Mackelprang, Jefferson City, for Respondent.

Before JAMES EDWARD WELSH, P.J., PAUL M. SPINDEN, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Presiding Judge.

Craig Johnson appeals the circuit court's judgment convicting him of one count of kidnapping and three counts of second-degree domestic assault. Johnson contends that the circuit court erred in denying his motion for judgment of acquittal at the close of all the evidence as to all four counts. Johnson alleges that there was insufficient evidence to support the convictions because the case was based on prior unsworn, inconsistent statements of the victim, M.M., to police officers. We affirm.

Viewed in the light most favorable to the verdict, the evidence at trial established that in July 2003, M.M. resided with Johnson. On or about July 11, 2003, Johnson and M.M. argued, and Johnson restrained M.M. with cargo straps. During the next week, Johnson restrained and assaulted M.M. daily and threatened to kill her if she left the apartment. On July 18, 2003, M.M. left the apartment, but Johnson confronted her on the street where he struck and kicked her multiple times. A passerby stopped his car, and Johnson fled. The passerby took M.M. to a gas station and apparently called the police. Kansas City Police Officer Lawrence Pollard arrived at the gas station and took a statement from M.M. Police officers apprehended Johnson and brought him to the gas station where M.M. confirmed his identity, and then M.M. was taken to the hospital. Once at the hospital, Detective Janna Eikel took M.M.'s statement.

Johnson was charged with one count of kidnapping and three counts of second-degree domestic assault. After a jury trial, Johnson was found guilty on all four counts. Johnson was sentenced to four concurrent sentences of fifteen years.

For his sole point on appeal, Johnson challenges the sufficiency of the evidence as to all four counts. Johnson contends that, because the case was based on M.M.'s prior, unsworn inconsistent statements without corroborating evidence, there was insufficient evidence from which reasonable jurors could find him guilty. M.M. had given statements to Officer Pollard and Detective Eikel that Johnson had assaulted her on July 18, 2003, and throughout the preceding week. M.M. recanted at trial claiming that Johnson had not assaulted her. Instead, she claimed she encountered Johnson walking down the street with another woman holding hands. M.M. testified that she and the woman started fighting and that Johnson had tried to break up the fight. At trial, the State presented M.M.'s prior inconsistent statements as substantive evidence pursuant to section 491.074 RSMo 2000.

"In reviewing a challenge to the sufficiency of the evidence, this court accepts as true all of the evidence favorable to the State, including all favorable inferences

drawn from the evidence, and disregards all evidence and inferences to the contrary." *State v. Magee,* 911 S.W.2d 307, 310 (Mo.App.1995). "In such a review, the role of this court is not to weigh the evidence, but to determine whether there was sufficient evidence from which reasonable jurors could have found the defendant guilty." *Id.* at 311.

Johnson relies on this Court's holding in *State v. Pierce,* 906 S.W.2d 729 (Mo.App. 1995). In *Pierce,* the alleged victim recanted her statutory rape allegations, but a DFS worker was permitted to testify at trial about the victim's out-of-court statements. *Id.* at 731–33. The jury convicted Pierce of statutory rape. *Id.* at 730. On appeal, the conviction was reversed because the single out-of-court statement was uncorroborated, unreliable, and insufficient to prove Pierce's guilt beyond a reasonable doubt. *Id.* at 735.

The rule set forth in *Pierce* is " 'an exception to the rule that a prior inconsistent statement can serve as the sole basis for a finding of guilt.' " *State v. Duley,* 219 S.W.3d 842, 844 (Mo.App.2007) (citation omitted). This exception is only to be applied to its " 'unique factual situation.' " *Id.* (citation omitted). The trend has been to limit the corroboration rule from *Pierce* to the victim's *trial testimony. Id.* Since *Pierce,* this Court has held that "[t]he corroboration rule is applicable only to the victim's trial testimony and not to conflicts between the victim's testimony and the victim's out-of-court statements." *State v. Benwire,* 98 S.W.3d 618, 623 n. 2 (Mo.App. 2003). *Pierce* does not apply "where corroborating evidence exists to support the prior inconsistent statements upon which the conviction is based." *State v. Archuleta,* 955 S.W.2d 12, 15 (Mo.App.1997).

In the present case, there was sufficient corroboration of M.M.'s prior inconsistent statements presented by two witnesses and the physical evidence. The facts of the present case are more analogous to the facts of *State v. Porras,* 84 S.W.3d 153 (Mo.App.2002), where the victim recanted sodomy allegations. *Id.* at 155. In *Porras,* this Court held that, unlike *Pierce,* the testimony was corroborated by at least four witnesses who testified to the victim's out-of-court statements, including the victim's parents, grandparents, and a DFS worker. *Id.* at 159–60. This Court held that this corroboration satisfied due process considerations of reliability. *Id.* at 160–61.

In the present case, there were two witnesses that testified to M.M.'s out-of-court statements. Officer Pollard testified that he was dispatched on an assault in the early morning of July 19, 2003. Officer Pollard testified that M.M. described in detail that she was attacked by Johnson. M.M. gave Officer Pollard a height, weight, and clothing description of Johnson. Officer Pollard testified that M.M. had described other assaults by Johnson of M.M. in the previous seven to eight days. She described to Officer Pollard how Johnson would tie her up with cargo straps and threaten to kill her if she left the apartment. Officer Pollard testified that M.M. described how Johnson would assault her daily, and Officer Pollard observed bruises on M.M. Officer Pollard testified that Johnson was apprehended and brought to the scene where M.M. identified him as her attacker prior to being taken to the hospital.

Detective Eikel testified that she interviewed M.M. at the hospital. Detective Eikel testified that she observed M.M. to be crying and her injuries included a swollen lip and a bloody nose. Detective Eikel testified that M.M. had told her that she resided on and off with Johnson and that he had repeatedly assaulted her over the past week. Detective Eikel stated that

M.M. had described that Johnson would stick knives in the frames of the doors to keep her from leaving the apartment.

At trial, the State presented physical evidence that corroborated M.M.'s statements. Detective Blakemore testified that he assisted in serving the search warrant at Johnson's apartment. He testified that they seized cargo straps from the apartment. He also testified that the doorjamb was cracked. Johnson was apprehended in the vicinity of the assault, shortly after it occurred. The physical evidence that M.M. had been assaulted was substantial.

In addition, this Court has held that where there were obvious reasons for the recantation, the effect of the recantations are properly left for the jury. *State v. Griggs*, 999 S.W.2d 235, 244 (Mo.App. 1998). The recantations and the circumstances thereof are for the jury to consider. *Id.* In this case, there are obvious reasons for M.M.'s recantation. M.M. testified at trial that since the incident, she and Johnson had continued their relationship while he was incarcerated and were presently engaged to be married. As such, we reject the argument that M.M.'s recantations required the application of the corroboration rule enunciated in *Pierce*.

We, therefore, affirm the circuit court's judgment.

All concur.