**STATE of Missouri, Respondent,**

v.

**Jeffrey MEANS, Appellant.**

**No. 54931.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 7, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Henry B. Robertson, Cheryl Raffert, Janis Caroline Good, Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his conviction of arson second degree and ten year sentence as a persistent offender. He also appeals from the denial of his post-conviction Rule 29.15 motion following an evidentiary hearing. We affirm.

On his appeal from his conviction defendant asserts nine grounds of error. On appeal from denial of his 29.15 motion he asserts eight alleged examples of ineffective assistance of counsel entitling him to relief. The extensive findings of facts by the trial court on the 29.15 allegations are fully supported by the record, and not against the weight of the evidence, and are in accordance with the law. An opinion on those issues would have no precedential value and as to the denial of the Rule 29.15 motion we affirm pursuant to Rule 84.-16(b).

On the direct appeal of the conviction seven of the nine points raised, including a claim that the evidence was insufficient to sustain a conviction, are patently without merit, and those seven claims of error are denied pursuant to Rule 30.25(b).

Two points raised merit some discussion. The fire here was to the flat occupied by defendant and his girl friend and her three children, two by defendant. The flat was the girl friend's; defendant resided there on occasions during the couple's off-and-on longtime relationship. Marsha Harvey, the girlfriend, and defendant had a running argument for several days before the fire. Ms. Harvey left the abode to stay with relatives. She returned on the day of the fire to collect some personal belongings. The argument continued and the police were called. Defendant left the premises but was not seen to have left the neighborhood. Ms. Harvey was unsuccessful in retrieving all her belongings and left the area between 2:30 and 2:45 p.m. At 3:00 p.m. the fire department was summoned to the premises. The fire was in its early stages.

The evidence was overwhelming that the fire was of human origin.

Defendant arrived at the premises immediately after it was controlled and made several misleading statements to a fire department inspector as to his identity, his connection with the premises, and his knowledge of the occupants. After arrest he made an arguably incriminating statement. There was testimony from a relative of Ms. Harvey, who had accompanied her to the premises before the fire, that during the argument between Ms. Harvey and defendant, defendant threatened to burn the property.

At trial Ms. Harvey denied that anyone threatened to burn the property and stated she was unable to remember whether she had previously told police or fire inspectors that a threat to burn by defendant had been made. The prosecutor was allowed to examine Ms. Harvey on direct as to the existence of such prior statements by her. On appeal defendant premises error in allowing this impeachment on the basis that the witness was not established to be hostile in that her testimony did not surprise the state. That was the same objection raised at trial. The entire argument of this issue encompasses seven lines in the appellate brief. The state counters by invoking the provisions of § 491.074 RSMo 1986, authorizing utilization of prior inconsistent statements as substantive evidence. By its express language § 491.074 is limited to trials of offenses under Chapters 565, 566 and 568. The prosecution here was for violation of § 569.050. § 491.074 is not applicable. The state is allowed to impeach its own witness if it can show it was surprised by the testimony and that the witness has essentially become a witness for the other side. *State v. Byrd*, 676 S.W.2d 494 (Mo. banc 1984) [14]. The record clearly supports a conclusion that the state was surprised by the testimony. Ms. Harvey admitted that as recently as the day before trial she had told the prosecutor that defendant had threatened to burn the property. Her testimony was clearly a surprise. Neither party has addressed the more perti-

nent issue of whether impeachment of this witness' credibility was relevant if the prior inconsistent statement could not be used as substantive evidence, in short had she become in essence a witness for the other side? *State v. Byrd, supra.* If Ms. Harvey's testimony was not unfavorable to the state, there was no reason to impeach her except for the purpose of utilizing her prior inconsistent statement as substantive evidence. The statute is not applicable and the usual rule is that such statements may not be used as substantive evidence in criminal cases. *See Rowe v. Farmers Ins. Co., Inc.,* 699 S.W.2d 423 (Mo. banc 1985) for a contrary rule in civil cases.

We cannot conclude, however, that her testimony was not unfavorable to the state. The relative of Ms. Harvey, Rosetta Watson, was an endorsed witness who was to testify to the threat to burn and certain assaultive actions by defendant against her at the time of the argument she witnessed. Ms. Harvey denied that the assaultive actions occurred and stated at one point in her testimony that no one had threatened to burn her home. That testimony was in direct conflict with the testimony expected of Ms. Watson and had the effect of challenging Ms. Watson's credibility. That made Ms. Harvey a witness supportive of defendant. Under those circumstances impeachment of Ms. Harvey was justified.

As a second point the defendant challenges the testimony of a fire inspector that Ms. Harvey told him during the investigation that the threat had been made by defendant. The entire argument on this issue comprises nine lines of defendant's brief and is premised on the earlier point that no foundation was laid for impeachment. We have ruled that impeachment was proper. Even if we were to accept defendant's characterization of this testimony as inadmissible hearsay, not one word is set forth in the brief addressing the question of prejudice. Ms. Harvey's relative testified positively and unequivocally that in her presence defendant threatened Ms. Harvey with burning the flat. We are unable to conclude that the inspec-

tor's testimony was erroneous or that it served to prejudice the defendant.

Judgments affirmed.

SATZ, P.J., and GRIMM, J., concur.