**Janet HOLLON, Appellant,**

**v.**

**John SAYRE, Respondent.**

**No. WD 44061.**

Missouri Court of Appeals,
Western District.

Dec. 17, 1991.

Ronald R. Holliger, Stephen M. Ryan, Boland, McQuain, Block, DeHardt & Rosenbloom, Kansas City, for appellant.

Scott L. Templeton, Oswald & Cottey, P.C., Kirksville, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

ULRICH, Judge.

Janet Hollon appeals from a judgment entered for John Sayre after the jury verdict assessed no fault to either party. Ms. Hollon contends that the trial court committed error by submitting a comparative fault instruction that was not supported by substantial evidence, in admitting improper testimony, and by allowing expert testimony regarding Ms. Hollon's injuries without proper foundation. The judgment is affirmed.

Ms. Hollon sued Mr. Sayre for injuries she received in an automobile accident which occurred on December 5, 1984. Ms. Hollon was travelling south on a two-lane highway when her automobile began to malfunction. The night was dark and the roads were becoming slick from the cold and wet weather. Ms. Hollon drove her vehicle to the shoulder on the western side of the road. She stopped the vehicle, and all but one to two feet of the right side of the vehicle remained on the highway. The engine ceased running as she stopped her car. Ms. Hollon's friend, Mr. Hand, came upon her stalled car, and Mr. Hand drove his truck to the eastern shoulder. A portion of Mr. Hand's truck remained in the northbound lane of the highway when his vehicle was stopped. Mr. Hand exited his vehicle and attempted to assist Ms. Hollon. The two cars were parallel to one another.

Mr. Hand attempted to identify and remedy the cause of Ms. Hollon's automobile engine's malfunction. Ms. Hollon remained in her vehicle. Another friend, Mr. Watson, attempted to assist Ms. Hollon. Ms. Hollon did not activate the emergency signals on her automobile, and witness testimony conflicts as to whether the headlights on Ms. Hollon's vehicle remained on. Throughout Mr. Hand's endeavor to assist Ms. Hollon, no attempt was made to push Ms. Hollon's car off of the highway and onto the shoulder.

Mr. Sayre was driving a vehicle southbound toward Milan when the vehicle he was driving struck Ms. Hollon's vehicle. Mr. Sayre did not see any lights lighted on either Ms. Hollon's or Mr. Hand's vehicles. He first became aware that a vehicle was

in the southbound lane of traffic when the headlights of the vehicle he was driving reflected off Mr. Hand's truck. Mr. Sayre attempted to avoid the Hand and Hollon vehicles, but the vehicle he was driving collided with Ms. Hollon's automobile. The front right section of Mr. Sayre's car struck the left rear section of the Hollon vehicle. Ms. Hollon's automobile was forced south on the highway and partially over an embankment.

Ms. Hollon and Mr. Sayre were examined at the local hospital. Mr. Sayre was released with no injuries. Ms. Hollon was admitted to the hospital for treatment of injuries and was released on December 7, 1984. Ms. Hollon's physician authorized her to resume working on March 20, 1985. Since the accident, Ms. Hollon has received therapy from several medical doctors.

I.

Ms. Hollon contends for her first point on appeal that the trial court erred by submitting an instruction which was not supported by substantial evidence. Mr. Sayre proposed, and the court gave, an instruction which stated:

> In your verdict you must assess a percentage of fault to plaintiff Janet Hollon, whether or not defendant John Sayre was partly at fault, if you believe:
>
> First, either:
>
> plaintiff Janet Hollon stopped her automobile in a lane reserved for moving traffic, or
>
> plaintiff Janet Hollon failed to give an adequate warning to vehicles approaching from the rear....

Ms. Hollon argues that the first alternative submission of Paragraph First is in error because insufficient evidence was entered supporting it and because the first alternative submission presented a roving commission to the jury.

The trial court is vested with discretion whether to submit a tendered instruction. *Titsworth v. Powell,* 776 S.W.2d 416, 423 (Mo.App.1989). However, the trial court's discretion is not unfettered. The record must reflect "substantial evidence to support each element of a disjunctive negligence instruction or else the submission of the entire instruction is rendered erroneous." *Ethridge v. Gallagher,* 773 S.W.2d 207, 210 (Mo.App.1989). The evidence and all reasonable inferences gleaned from the evidence are viewed in the light most favorable to Mr. Sayre. *Id.* at 210–11. However, before reversal can be predicated on instructional error, the complaining party has an additional burden. The complaining party must show that he was prejudiced by the erroneous instruction. *Titsworth,* 776 S.W.2d at 423 (citing *Lee v. Mirbaha,* 722 S.W.2d 80, 81[1] (Mo. banc 1986)). Review of the record reveals neither error by the trial court nor prejudice to Ms. Hollon.

The appellant was southbound on the highway when her automobile began to malfunction. Ms. Hollon did not then maneuver the vehicle completely off the road and onto the shoulder. Instead, the car was stopped in the southbound lane of traffic with its left rear corner near the highway's centerline, thereby substantially blocking the lane. The record discloses sufficient evidence for the jury to conclude that Ms. Hollon should have driven her car out of the southbound lane of traffic while it was still moving or that she should have solicited the assistance of both Mr. Hand and Mr. Watson to remove the vehicle from the roadway. Neither was done. Additionally, when stopped, the vehicle's emergency lights were not activated to warn approaching drivers of its presence. The record reflects substantial evidence supporting both alternative submissions of the questioned instruction. *Ethridge,* 773 S.W.2d at 210. Therefore, the trial court did not commit error in submitting the instruction to the jury.

Ms. Hollon could not have suffered any prejudice had there been error. The Missouri Supreme Court has stated that the submission of a comparative negligence instruction results in no prejudice to the appellant where the jury assessed no fault to the respondent. *Wilson v. Shanks,* 785 S.W.2d 282, 285 (Mo. banc 1990); *see also Titsworth,* 776 S.W.2d at 423. The jury's verdict in the present appeal assessed fault to neither Mr. Sayre nor Ms. Hollon.

Therefore, Ms. Hollon could not have been prejudiced. Ms. Hollon's first point is denied.

II.

Ms. Hollon next contends that the trial court erred in admitting a portion of Mr. Sayre's testimony during his direct examination. Mr. Sayre's counsel commented in opening statement that his client was two or three car lengths from Ms. Hollon's car before he first saw her car obstructing the southbound lane of traffic. During direct examination, the following dialogue occurred between Mr. Sayre and his attorney:

Q: Now, can you tell the jury—can you give any reasonable estimate without guessing as to how much distance separated you from the back end of Mrs. Hollon's vehicle when you first saw it?

A: I could not without guessing.

Q: Now, you heard me tell this jury earlier that it was maybe between two or three car lengths. You recall that?

A: Yes.

Q: You know where I got that information?

A: Yes, yes, I do.

Q: And where was that?

A: A statement to the adjusters, that I made to the adjusters.[1]

Ms. Hollon contends on appeal that this last statement by Mr. Sayre was admitted by the trial court in error because it was hearsay and because counsel improperly refreshed Mr. Sayre's memory.

■ Ms. Hollon has not preserved this issue for appellate review. "Where there is no objection until after the evidence is given and the objecting party does not move to strike the evidence or withdraw it from the jury's consideration, the question of admissibility is not reviewable." *Kilgore v. Linville,* 733 S.W.2d 62, 64–65 (Mo. App.1987). Ms. Hollon did not object until after Mr. Sayre responded to his attorney's question. Ms. Hollon's attorney had the opportunity to object to the question. Several questions preceding the question that prompted Mr. Sayre's response alerted Ms. Hollon's attorney that the witness might be asked the source of information that Mr. Sayre was three or four car lengths from Ms. Hollon's vehicle when Mr. Sayre first saw the Hollon vehicle. However, Ms. Hollon's attorney permitted Mr. Sayre to answer before objecting. "The record is devoid of any indication that this answer, which was responsive to the question, came before the objection could be voiced." *State v. Simmons,* 500 S.W.2d 325, 328–29 (Mo.App.1973). Furthermore, Ms. Hollon's attorney did not ask the court, after it overruled the objection, to strike the statement or for the court to instruct the jury to disregard the comment. "Where there is no objection until after the questioned matter is before the jury, it is incumbent on the objecting party to move for specific relief after the objection has been overruled. Failure to do so waives the asserted error." *Reed v. Spencer,* 758 S.W.2d 736, 741 (Mo. App.1988); *Kilgore,* 733 S.W.2d at 64–65. Therefore, this point has not been properly preserved for appellate review. *Kilgore,* 733 S.W.2d at 64–65. However, this point is examined *ex gratia.*

■ " 'The refreshing of a witness' memory is a matter resting in the discretion of the trial court, whose rulings will not be disturbed in the absence of abuse of discretion.' " *State v. Tate,* 468 S.W.2d 646, 649 (Mo.1971) (quoting *Brown v. Chicago, R.I. & P. Ry. Co.,* 315 Mo. 409, 286 S.W. 45, 50 (1926)). Mr. Sayre's memory was refreshed by his attorney's question. Mr. Sayre testified as to the distance between Ms. Hollon's and his vehicles when he first saw Ms. Hollon's automobile. His testimony confirmed his prior statement as true. "A court may permit a party to put questions to his own witness on direct examination to refresh his recollection by directing his attention to a particular matter, by referring to a prior statement or prior testimony, or by reading to him his prior

1. At this point, Ms. Hollon's attorney objected on the grounds the statement was hearsay and because Mr. Sayre should be required to produce the written statement that the adjuster wrote. After a discussion at the bench, the trial judge overruled the objection.

testimony...." *State v. Sanderson,* 528 S.W.2d 527, 532 (Mo.App.1975). The trial court did not abuse its discretion by allowing Mr. Sayre's attorney to refresh the respondent's memory. Ms. Hollon's second point is denied.

Because neither instructional nor evidentiary error is found, Ms. Hollon's final point that expert testimony regarding Ms. Hollon's purported injuries was admitted without proper foundation is not reviewed. The issue of damages was never reached by the jury as no fault was assessed to Mr. Sayre. The judgment of the trial court is affirmed.

All concur.