STATE of Missouri, Respondent,

v.

Samuel ARCHULETA, Appellant.

No. WD 53873.

Missouri Court of Appeals, Western District.

Oct. 28, 1997.

Patrick J. Eng, Eng & Woods, Columbia, for appellant.

Rachel L. Townsend, Asst. Pros. Atty., Boone County, Columbia, for respondent.

Before ULRICH, C.J., and BRECKENRIDGE and SPINDEN, JJ.

ULRICH, Chief Judge.

Samuel Archuleta appeals his conviction following a bench trial for third degree assault, section 565.070, RSMo 1994, and a suspended six month sentence, two years of probation and forty hours of community service. Mr. Archuleta raises three points of error on appeal. He contends that the trial court erred in (1) denying his motion for judgment of acquittal, claiming that insufficient evidence was presented to support his conviction; (2) allowing impeachment of Robin Calcote, the purported victim of the assault, where she was improperly declared a hostile witness; and (3) allowing Officer Keisling, the police officer who first arrived at the scene of the crime, to testify to the statements made by Robin Calcote and her daughter when Mr. Archuleta was arrested at the crime scene. The judgment of conviction is affirmed.

## FACTS

Officer Robert Keisling of the Columbia Police Department was dispatched to Mr. Archuleta's home at 2301 Garden Drive in Boone County, Missouri the evening of October 2, 1996, in response to a reported domes-

tic disturbance. Upon arrival, Officer Keisling found Robin Calcote, Mr. Archuleta's girlfriend, in hysterics with blood on her hands and her eyes swollen. Ms. Calcote informed Officer Keisling that following an argument, Mr. Archuleta had struck her stomach and face several times with a balled fist causing her nose to bleed. Ms. Calcote's thirteen year old daughter made corroborating statements in an interview with another officer on the scene. Based on this information, Mr. Archuleta was placed under arrest for third degree assault, section 565.070, RSMo.

Mr. Archuleta was tried on November 26, 1996, in the Circuit Court of Boone County, Missouri. At trial, Ms. Calcote testified that while she remembered a police officer being at her home as a result of her placing a 911 call, she could not recall any other details about the night in question. Officer Keisling then took the stand and testified, over Mr. Archuleta's objections, to Ms. Calcote's statements to him on the evening of October 2, 1996. Officer Keisling also testified to Ms. Calcote's physical appearance on that night. After Officer Keisling testified, the state rested. Mr. Archuleta offered no testimony in his defense.

At the conclusion of the trial, the court denied Mr. Archuleta's motion for judgment of acquittal. The court then found Mr. Archuleta guilty and sentenced him to six months in the Boone County Jail, suspended execution of sentence, and placed him on two years of supervised probation on the condition that he complete the aggressive offender program, he complete forty hours of community service work, he not consume intoxicants, and he not have any unlawful contact with Ms. Calcote or her daughter. This appeal followed.

## I. SUFFICIENCY OF THE EVIDENCE USED TO CONVICT SAMUEL ARCHULETA

█ As his first point on appeal, Mr. Archuleta claims that the trial court erred in denying his motion for judgment of acquittal. He contends that the only evidence presented by the prosecution was the hearsay testimony of Officer Keisling regarding the prior inconsistent statements made by Ms. Calcote and her daughter on the night in question. Based on *State v. Pierce*, 906 S.W.2d 729 (Mo.App.1995), he argues that his conviction cannot be supported solely on the basis of Ms. Calcote's prior inconsistent statements.

In *Pierce*, the defendant was convicted of statutory rape based on the prior inconsistent statements of a fourteen year old child. *Id.* at 732. At trial, the child recanted her earlier statements that she had intercourse with the defendant. *Id.* The state introduced her earlier statements that she did have intercourse with the defendant. *Id.* No evidence existed to corroborate the child's prior inconsistent statements; however, evidence did exist that corroborated the child's trial testimony that no sexual intercourse had occurred. *Id.* For example, the child repeatedly recanted her earlier statements both before and during trial, and witnesses testified that the defendant never had the opportunity to have sex with the child. *Id.* Additionally, the defendant had a sexually transmitted disease at the time of the alleged intercourse, and the child had never contracted that disease. *Id.* Due to the lack of corroborating evidence to support the child's prior inconsistent statements, this court reversed the lower court, holding that a conviction cannot be based solely on a prior inconsistent statement where that statement is unsupported by corroborating evidence. *Id.* at 735.

Here, in contrast, corroborating evidence exists to support Ms. Calcote's prior inconsistent statements that she was assaulted. As Officer Keisling testified, Ms. Calcote's physical appearance on the night of the alleged assault supported her statements that Mr. Archuleta had assaulted her. Ms. Calcote told Officer Keisling on the evening of the incident that Mr. Archuleta had struck her in her face with a balled fist. Officer Keisling noted that Ms. Calcote's hands were covered with blood emanating from her injured nose and that her eyes appeared swollen.

Additionally, the failure of Mr. Archuleta to timely object to the introduction of the hearsay statements of Ms. Calcote's daughter, as discussed in greater detail in Part III *infra*, allowed the trial court to consider Ms. Calcote's daughter's statements as substan-

tive evidence. The statements made by Ms. Calcote's daughter to other officers at the scene corroborated Ms. Calcote's statements to Officer Keisling that Mr. Archuleta had assaulted her. The *Pierce* holding is inapplicable where corroborating evidence exists to support the prior inconsistent statements upon which conviction is based. *See State v. Bowman*, 741 S.W.2d 10, 13–14 (Mo. banc 1987), *cert. denied*, 488 U.S. 829, 109 S.Ct. 83, 102 L.Ed.2d 60 (1988) (upholding conviction which was based on prior inconsistent statements where evidence existed to corroborate statements). Point one is denied.

## II. THE TESTIMONY OF ROBIN CALCOTE

As his second point on appeal, Mr. Archuleta claims that the trial court erred in permitting the state to treat Robin Calcote as a hostile witness. Specifically, he argues that Ms. Calcote was not qualified as a hostile witness because the prosecution was not surprised by her initial trial testimony and because Ms. Calcote's testimony did not make her a witness for the defense.

At trial Ms. Calcote was asked numerous questions about the October 2, 1996, incident that caused the injuries observed by Officer Heisling upon his arrival at Mr. Archuleta's home. Ms. Calcote's continual response was that she did not recall what had transpired despite her having made numerous incriminating remarks the evening of October 2, 1996. The prosecutor treated the witness as a hostile witness by asking her specific questions about details of the events that occurred on October 2 and other previous events regarding her relationship with Mr. Archuleta. Her response to each of those questions was that she did not recall.

■ Section 491.074 governs the admissibility of prior inconsistent statements in chapter 565 prosecutions. § 491.074, RSMo 1996. Section 491.074 provides that:

> Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of an offense under chapter 565, 566 or 568, RSMo, shall be received as substantive evidence and the party offering

the prior inconsistent statement may argue the truth of such statement.

Prior inconsistent statements are admissible under section 491.074 "as soon as the inconsistency appears from the testimony. The only necessary foundation is the inquiry as to whether the witness made the statement and whether the statement is true." *Bowman*, 741 S.W.2d at 13–14.

■ The state established the requisite foundation for admission of Ms. Calcote's out-of-court prior inconsistent statements under section 491.074. Officer Keisling testified to the statements that Ms. Calcote made the night of the incident. Ms. Calcote's physical appearance on the night of the assault and her daughter's statements support Ms. Calcote's statements that Mr. Archuleta assaulted her. Thus, the state established the requisite foundation for the admissibility of Ms. Calcote's prior inconsistent statements.

■ The transcript reflects that the trial court considered Ms. Calcote a hostile witness. The trial court's oral declaration that Ms. Calcote may be considered a hostile witness is not in the transcript, apparently because of an inaudible portion of the recorded events, but the court permitted the prosecutor to treat the witness as a hostile witness. The foundational requirements of section 491.074 were met, however. Before section 491.074 was enacted, to impeach a witness, counsel had to show that counsel was surprised as to the content of the witness's trial testimony and that the witness's testimony, in effect, made the witness a witness for the opposing side. *State v. Byrd*, 676 S.W.2d 494, 502 (Mo. banc 1984); *accord State v. Walden*, 861 S.W.2d 182 (Mo.App.1993). Section 491.074, however, changed the law governing admission of prior inconsistent statements under chapter 565, 566 and 568 prosecutions such that "[t]he old rule about impeachment of one's own witness is inappropriate in view of the statute." *Bowman*, 741 S.W.2d at 13; *see also State v. Means*, 797 S.W.2d 517, 518 (Mo.App.1990) (stating that section 491.074 now controls admission of prior inconsistent statements in all chapter 565, 566 and 568 prosecutions). The state established that Ms. Calcote made state-

ments which incriminated Mr. Archuleta to Officer Keisling and the evidence supported the conclusion that the statements were true. Because these were the only foundation elements required under section 491.074, the state was not required to show that Ms. Calcote was a hostile witness, that it was surprised by her testimony or that Ms. Calcote became a witness for Mr. Archuleta. Point two is denied.

## III. THE TESTIMONY OF OFFICER KEISLING

As his final point on appeal, Mr. Archuleta claims that the trial court erred in allowing Officer Robert Keisling to testify about Ms. Calcote and her daughter's statements to the investigating officers on the night of the assault. He argues that the statements of both Ms. Calcote and her daughter are hearsay, not within any exception, and hence, should have been excluded.

 Mr. Archuleta's contention that Officer Keisling's testimony as to what Ms. Calcote told him on the night of October 2, 1996, is hearsay is first examined. Hearsay is defined as an out of court statement offered to prove the truth of the matters asserted. *State v. Jones*, 863 S.W.2d 353, 357 (Mo.App.1993). Hearsay statements are inadmissible unless they fit within an exception to the hearsay rule. Section 491.074 sets forth the hearsay exception for prior inconsistent statements if proper foundation is first laid. § 491.074, RSMo, 1996; *State v. Hawkins*, 690 S.W.2d 198, 200 (Mo.App. 1985). "If a witness professes not to remember if a prior statement was made or not made, a proper foundation has been laid to admit the prior inconsistent statement." *State v. Jones*, 652 S.W.2d 880, 882 (Mo.App. 1983).

 Ms. Calcote testified on direct that she did not recall the events of October 2, 1996, including her statements to Officer Keisling. Her lack of memory to the events of October 2, 1996, established the requisite foundation for the admission of her prior inconsistent statements to Officer Keisling. Because her statements to Officer Keisling qualified as prior inconsistent statements due to her inability to recall the events of Octo-

ber 2, 1996, the statements were admissible under the section 491.074 exception for prior inconsistent statements. The admission of Officer Keisling's testimony as to Ms. Calcote's statements to him on the night of the assault, therefore, was proper.

 Appellant objects to Officer Keisling's testimony on re-direct as to what Ms. Calcote's daughter stated on the night of October 2, 1996. Officer Keisling testified as follows:

Q: Did you listen to what the 13-year old said?

A: Yes, I did.

Q: And was that inconsistent with what Ms. Calcote said?

A: No, it was not. Mr. Archuleta contends that this testimony was admitted in error because it was hearsay.

Mr. Archuleta, however, has not preserved this issue for appellate review. "Where there is no objection until after the evidence is given and the objecting party does not move to strike the evidence or withdraw it from the jury's consideration, the question of admissibility is not reviewable." *Hollon v. Sayre*, 820 S.W.2d 723, 726 (Mo.App.1991) (citing *Kilgore v. Linville*, 733 S.W.2d 62, 64–65 (Mo.App.1987)). Mr. Archuleta did not object to Officer Keisling's answer until after he responded to the question. Mr. Archuleta did not request that the court strike Officer Keisling's testimony. Mr. Archuleta, therefore, failed to preserve this issue for appeal. Point three is denied.

The judgment of conviction is affirmed.

All concur.