**STATE of Missouri, Respondent,**

**v.**

**Jessica D. REED, Appellant.**

**No. SC 88787.**

Supreme Court of Missouri,
En Banc.

May 5, 2009.

Lawrence J. Fleming, Herzog Crebs LLP, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

## PER CURIAM.

A jury found Jessica Reed guilty of attempted manufacture of a controlled substance (methamphetamine), § 195.211, RSMo Supp. 2003. On appeal she argues that: (1) § 491.074, RSMo 2000, is unconstitutional as applied and violates the Confrontation Clause of the United States Constitution as interpreted by the United States Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); and (2) the trial court erred in the admission of hearsay testimony.[1]

This Court may address the evidentiary errors if they are dispositive rather than reach the constitutional claims. *See Great Southern Sav. & Loan Ass'n v. Wilburn*, 887 S.W.2d 581, 583 (Mo. banc 1994) (citing *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 340 n.5 (Mo. banc 1993)). This Court finds that the trial court allowed prejudicial hearsay testimony to be admitted improperly into evidence.[2] The judgment is reversed, and the case is remanded.

### Facts

On September 11, 2006, Elizabeth Reed and her boyfriend, Adam McCauley, visited Jessica Reed at their father's home in Foristell. Jessica Reed had been living with her father, Donald Reed, in the preceding weeks.

---

1. Although Reed's first point combined evidentiary error with constitutional error, Reed's allegation of evidentiary error was raised in her brief and addressed by the State. Because Reed's contentions can be understood from the argument portion of her brief, this Court, in its discretion, reviews Reed's claims.

2. The prosecutor sought the admission of the out-of-court statement as a prior inconsistent statement pursuant to § 491.074, but the witness never was questioned about the particular topic.

When McCauley and Elizabeth Reed left, they smelled ammonia as they passed a horse trailer parked on the property. McCauley called Donald Reed and, minutes later, observed two men leaving the horse trailer carrying a backpack and a pitcher containing a solid substance.

McCauley and Elizabeth Reed then saw Jessica Reed run into the woods with a trash bag. McCauley later helped police retrieve a trash bag that contained equipment commonly used to manufacture methamphetamine.

On July 19, 2007, a jury convicted Jessica Reed of attempted manufacture of a controlled substance (methamphetamine), § 195.211. On August 27, 2007, Reed was sentenced as a prior and persistent offender to six years imprisonment.

## I. Standard of Review

■ The standard of review for the admission of evidence is abuse of discretion. *State v. Freeman*, 269 S.W.3d 422, 426 (Mo. banc 2008). "This standard gives the trial court broad leeway in choosing to admit evidence; therefore, an exercise of this discretion will not be disturbed unless it 'is clearly against the logic of the circumstances.'" *Id.* at 426–27 (citing *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006)). *See also State v. Edwards*, 116 S.W.3d 511, 532 (Mo. banc 2003). For evidentiary error to cause reversal, prejudice must be demonstrated. *Forrest*, 183 S.W.3d at 223–24.

## II. Out–of–Court Statements Introduced at Trial Over Objection of Defense Counsel

■ Reed's claim is based on three instances where she alleges out-of-court statements were improperly admitted by the trial court over defense counsel's hearsay objection. This Court determines that

Reed's claim, as it relates to the testimony of Officer Dull, has merit.

■ Hearsay is any out-of-court statement that is offered into evidence to prove the truth of the matter asserted. *State v. Kemp*, 212 S.W.3d 135, 146 (Mo. banc 2007). Once counsel objects on the basis of hearsay, the proponent has the burden to demonstrate that the statement fits into a recognized exception to the hearsay rule. *Gough v. General Box Co.*, 302 S.W.2d 884, 887 (Mo.1957). *See also State v. Porras*, 84 S.W.3d 153, 157 (Mo. App.2002) (citing *State v. Post*, 901 S.W.2d 231, 234 (Mo.App.1995)).

Reed correctly argues that the trial court improperly admitted McCauley's out-of-court statement that Reed was making methamphetamine in the trailer. Over defense counsel's objection, Officer Dull testified that McCauley told him he believed Reed was making methamphetamine in the horse trailer:

[The State]: And what, if anything, did Adam McCauley tell you?

[Defense Counsel]: Objection, hearsay.

[The State]: Judge, at this time I move that these would be—what I anticipate to be inconsistent statements, provide Section 491.074 as substantive evidence.

[The Court]: Prior inconsistent statements?

[The State]: Yes.

[Defense Counsel]: To what, impeach your own witness?

[The State]: Yes.

[Defense Counsel]: She hasn't asked him to be declared a hostile witness and it's her witness.

[The State]: My understanding of the law is that is not required.

[The Court]: I'm going to permit you to proceed over the Defendant's objection.

[The State]: What did Mr. McCauley tell you?

[Officer Dull]: Mr. McCauley advised me that when he came home—or came to, I'm sorry, excuse me, came to the Reed's address, he observed Jessica Reed in the trailer and observed her with another subject. And I asked him what he was—what he observed and which he stated that he believed—

[Defense Counsel]:—Your honor, may my objection be continuing to all this?

[The Court]: Yes.

[Defense Counsel]: Because we have just had Adam McCauley testify.

[The Court]: Yes, it may be a continuing objection.

[The State]: You can go ahead and complete what Mr. McCauley told you.

[Officer Dull]: He believed that Jessica Reed was making methamphetamine inside the trailer.

The trial court erred in admitting Officer Dull's testimony because it was hearsay and there was no foundation to admit McCauley's alleged statement as a prior inconsistent statement.

Section 491.074, RSMo 2000, states:

[A] prior inconsistent statement of any witness testifying in the trial of a criminal offense shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.

■■■ To admit a prior inconsistent statement, "[t]he only necessary foundation is the inquiry as to whether the witness made the statement and whether the statement is true." *State v. Archuleta*, 955 S.W.2d 12, 15 (Mo.App.1997). If a witness claims not to remember if a prior statement was or was not made, a proper foundation has been laid to admit the prior inconsistent statement. *Id.* In contrast, however, asking a witness nonspecific questions about a previous conversation does not lay a foundation to introduce a prior inconsistent statement. *State v. Holmes*, 845 S.W.2d 674, 676 (Mo.App. 1993).

In its examination, the State failed to ask McCauley if he had previously stated that Reed was making methamphetamine in the trailer. A specific question is not necessary to lay a foundation, but the State failed even to ask a generally related question to lay a foundation. *Id.* The most closely related question posed to McCauley was whether Reed lived in the trailer, to which McCauley answered that he did not know if Reed was living in the trailer. Whether Reed was living in the trailer is too remote a question to lay a proper foundation to admit McCauley's alleged statement that he believed she was making methamphetamine in the trailer. Officer Dull's testimony was hearsay.

### III. Reed was prejudiced by Officer Dull's testimony

■■■ Reed is not entitled to relief because of the hearsay testimony unless she was prejudiced. *Forrest*, 183 S.W.3d at 223–24. Trial court error is prejudicial when there is a reasonable probability that it affected the outcome at trial. *Id.* Here, there is a reasonable probability that Officer Dull's testimony affected the outcome of the trial because no other direct testimony showed that Reed was attempting to manufacture methamphetamine.

### Conclusion

The judgment is reversed, and the case is remanded.

All concur.