**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jimmy Ross SCOTT, Defendant-Appellant.**

**No. SD 34512**

Missouri Court of Appeals,
Southern District,
Division One.

Filed October 19, 2017

---

1. Appellants' points do not challenge the judgment on the merits.

Attorney for Appellant: Margaret M. Johnston, Columbia, Missouri.

Attorney for Respondent: Joshua D. Hawley, Attorney General, and Mary H. Moore, Assistant Attorney General, Jefferson City, Missouri.

GARY W. LYNCH, J.

Following a bench trial, the trial court found Jimmy Ross Scott ("Defendant") guilty of the statutory rape and statutory sodomy of G.P. ("Victim"), see sections 566.034 and 566.064, respectively.[1] The trial court sentenced Defendant to five years' imprisonment in the Department of Corrections on each offense with the sentences to run concurrently. On appeal, Defendant argues in his sole point that the trial court abused its discretion in admitting State's Exhibit 4, a bed sheet, "because there was an insufficient foundation for the admission of this exhibit[.]" Finding no merit in Defendant's point, we affirm his convictions.

## Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his convictions. We, therefore, limit our recitation of the evidence, viewed in the light most favorable to the finding of guilt, *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009), only to those facts necessary to resolve Defendant's point.

Defendant was the live-in boyfriend of Victim's mother. At night, Victim would awaken to Defendant sexually assaulting her. Victim reported the assaults on August 19, 2011. Lieutenant Eric Reece with the Springfield Police Department testified that he was assigned the case on August 19, 2011, and immediately responded to Victim's home address in order to avoid

losing potential evidence. Lieutenant Reece collected a sheet, pillowcases, clothing, a tissue, a cigarette butt, and a towel from Victim's bedroom in the home. Lieutenant Reece did not collect anything from any other room in the home. He placed the sheet in a bag and sealed it. The sheet was tested for DNA and then admitted into evidence as State's Exhibit 4 over Defendant's objection. Allison Unthank, a forensic scientist, tested the sheet's stains for bodily fluids, and one stain's test was consistent with semen. The DNA profile concluded that the source of that stain was "consistent with the profile developed from [Defendant.]" The report of the laboratory test results for the sheet was admitted into evidence as State's Exhibit 9 after Defendant's counsel announced "[n]o objection."

The trial court found Defendant guilty on each count and sentenced Defendant as set forth above. Defendant timely appeals.

## Standard of Review

"The admission of evidence is reviewed for abuse of discretion and disturbed only when the decision is 'clearly against the logic of the circumstances.'" *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009) (quoting *State v. Reed*, 282 S.W.3d 835, 837 (Mo. banc 2009)). "Reversal due to an evidentiary error requires a showing of prejudice." *Taylor*, 298 S.W.3d at 492. "Prejudice exists when 'there is a reasonable probability that the trial court's error affected the outcome of the trial.'" *Id.* (quoting *State v. Forrest*, 183 S.W.3d 218, 224 (Mo. banc 2006)).

## Discussion

Defendant's point relied on states:

The trial court abused its discretion in admitting over [Defendant's] objection

---

1. Statutory references are to RSMo 2000.

state's exhibits [sic] four, a bed sheet, because there was an insufficient foundation for the admission of this exhibit and its admission violated [Defendant's] rights to due process and a fair trial guaranteed by the 14th Amendment to the United States Constitution and Article I, § 10 of the Missouri Constitution, in that Lieutenant Reece's testimony did not establish the source of the exhibit or whether it was the same item that he believed he collected from [Victim's] bed, which called into question whether it was [Victim's] sheet, and the evidence that [Defendant's] DNA was found on the sheet was extremely prejudicial.[2]

 To admit an exhibit, the trial court must be satisfied as to the identity of the exhibit. *State v. Bowman*, 337 S.W.3d 679, 689 (Mo. banc 2011). This may be proven by evidence establishing a chain of custody. *Id.* "However, when an exhibit is identified positively at trial, chain of custody evidence no longer is required to prove that an item produced at trial is the item taken into custody as evidence." *Id.* Moreover, "[a]ny weaknesses in a witness's visual identification is a proper subject of cross-examination and may be considered

by the [finder of fact] in assessing the weight of the evidence." *Id.*

Here, Lieutenant Reece testified on direct examination that

[w]e went into [Victim's] bedroom, which was described where it was at in the house. I collected a sheet that was on the bed, a towel, a tissue from the trash can, a cigarette butt, the pillowcases, and then some kind of miscellaneous clothing of hers that was laying on or around the bed.

He further testified he did not collect anything from any other room in the home and he bagged the sheet from the bed in Victim's bedroom separately from any other items he collected.

As to State's Exhibit 4, Lieutenant Reece gave the following testimony in response to questions asked by the prosecutor:

Q. Lieutenant, I'm going to show you what I've marked as State's Exhibit 4. Do you recognize what that is?

A. Yes.

Q. What is that?

A. That's the sheet from the room.[3]

---

**2.** In his argument under this point, Defendant also contends that State's Exhibit 9, the forensic analyst's report of the DNA test results related to the sheet in question, should have been excluded from evidence. Defendant's announcement of "[n]o objection" to the admission of State's Exhibit 9 at trial, however, preserves nothing related to its admission for our review. *State v. Woods*, 357 S.W.3d 249, 255 (Mo. App. W.D. 2012) (stating "no objection" to the admission of evidence is equivalent to affirmatively waiving appellate review, including plain error review). Moreover, the trial court's ruling admitting State's Exhibit 9 into evidence is not challenged in Defendant's point relied on. For that reason also, this claim is not preserved for our review. Rule 84.04(e) ("The argument shall be limited to those errors included in the 'Points Relied On.' ") as made applicable to appeals of crim-

inal matters by Rule 30.06(a); *State v. Guinn*, 453 S.W.3d 846, 851 n.4 (Mo. App. S.D. 2014) (citing *State v. Morrow*, 541 S.W.2d 738, 740 (Mo. App. 1976) (issues developed for the first time in the argument section different from those in the points relied on preserve nothing on appeal)).

All rule references are to Missouri Court Rules (2017).

**3.** From the context of the preceding line of questioning, it was clear that the "room" Lieutenant Reece referenced in his answer was Victim's bedroom. Just four questions later, Defendant's counsel began his voir dire of Lieutenant Reece for the purpose of objecting to State's Exhibit 4 with the question, "You've testified that this is the sheet that you took from [Victim's] bedroom, correct?" Lieutenant Reece responded, "Yes."

Q. And when you collected that sheet, can you describe how you packaged it?

A. It would have been placed in the paper bag like it is. And then later on, on this side, there's the blue barcode which relates to the report that's printed off, and then it's sealed with evidence tape and has my initials right here.

Q. Okay. And then are you familiar with these markings here at the bottom?

A. I believe that's from when the lab opens it up and then they reseal it.

Q. And did you yourself seal this into evidence?

A. Yes.

Q. And once you've sealed it, did you log it into evidence?

A. Yes.

[PROSECUTOR]: Your Honor, at this time the State would seek to admit State's Exhibit 4.

Defendant objected to the admission of State's Exhibit 4, but before stating any basis for his objection, asked to voir dire Lieutenant Reece. The trial court granted his request, and Defendant's counsel proceeded to cross examine Lieutenant Reece, which concluded as follows:

Q. So where did this exhibit[4]—the one ending in your Item No. 765, where was this recovered?

A. Her bedroom.

Q. Where in her bedroom?

A. On the bed.

Q. Can you describe this item versus the other sheets that were recovered? Can you describe its looks, its design, anything specific about its color?

A. Not at this time.[5]

[DEFENSE COUNSEL]: Judge, I'm going to object on foundation. It's not clear that this—where this item came from, and it's not clear as to which-which sheet it was. So I'm going to object.

THE COURT: I'll overrule and admit the exhibit.

■ Lieutenant Reece visually identified State's Exhibit 4 at trial as the sheet he took into custody from the bed in Victim's bedroom on August 19, 2011. By this testimony, the State laid a sufficient foundation as to the identity of that exhibit. *See Bowman*, 337 S.W.3d at 689. The trial court's admission of the exhibit, therefore, was not clearly against the logic of the circumstances, *see Taylor*, 298 S.W.3d at 491, so we cannot conclude the trial court abused its discretion by admitting it.

In his argument under his point, Defendant relies upon alleged weaknesses and inconsistencies in Lieutenant Reece's in-court visual identification of State's Exhibit 4 purportedly developed during Defendant's cross examination of Lieutenant Reece and through the testimony of other witnesses. Defendant, however, cites no relevant legal authority that such alleged weaknesses and inconsistencies properly may be relied upon to negate a sufficiently laid foundation for the admission of an exhibit. Indeed, he could not because the proper use of these alleged weaknesses and inconsistencies is to minimize the weight the fact-finder should give the exhibit if admitted. *See Bowman*, 337 S.W.3d at 689; *State v. Miller*, 208 S.W.3d 284, 288 (Mo. App. W.D. 2006) (less than absolute identifications of real evidence speak

---

4. Lieutenant Reece had previously testified in response to Defendant's counsel's questioning that State's Exhibit 4—the bag with the sheet in it—that was in front of him while he was testifying had been assigned item number 765

by the report writing system at the Springfield Police Department headquarters.

5. Nothing in the record indicates to which of Defendant's counsel's two questions Lieutenant Reece directed his response.

to the weight of the evidence, not admissibility).

Defendant's point is denied.

### Decision

Defendant's convictions are affirmed.

MARY W. SHEFFIELD, P.J.—concurs

DON E. BURRELL, JR., J.—concurs

