GARY W. LYNCH, J.
Following a jury trial, Jose A. Huckleberry, Jr. ("Defendant"), was found guilty of two counts of felony murder in the second degree, see section 565.021, and one count of burglary in the first degree, see section 569.160.[1] Defendant waived jury sentencing and was sentenced by the trial court to life imprisonment for each of the murder counts, to be served consecutively, and to 15 years in prison for burglary, to be served concurrently. Defendant timely appeals, claiming the trial court abused its discretion in excluding several hearsay statements proffered by him.
Generally, a trial court's decision to exclude testimony is reviewed for an abuse of discretion, granting substantial deference to the trial court's decision. When reviewing allegations of improperly excluded testimony the focus is not on whether the evidence was admissible but on whether the trial court abused its discretion in excluding the evidence. This discretion is abused only when the ruling is clearly against the logic of the circumstances, or when it is arbitrary and unreasonable. Even if the exclusion of testimony is erroneous, we will not reverse the judgment absent a finding that the error materially affected the merits of the action.
State v. Mort , 321 S.W.3d 471, 483 (Mo.App. 2010) (internal quotation marks and citations omitted). While not the ultimate focus of our review, determining that the proffered evidence is admissible is a necessary prerequisite to any finding of an abuse of discretion in its exclusion. See State v. Taylor , 298 S.W.3d 482, 495 (Mo. banc 2009) (no abuse of discretion to exclude inadmissible hearsay).
In one multifarious point, Defendant claims the trial court abused its discretion in excluding hearsay statements purportedly "incriminating someone else in the homicides" proffered by him in five separate and different offers of proof. Eschewing individual analysis of each offer of proof and its purported admissibility or abuse of discretion in its exclusion, Defendant generally asserts that all of the proffered statements in all five offers of proof are admissible under an exception to hearsay recognized in Chambers v. Mississippi , 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and discussed and applied by our supreme court in State v. Hartman , 488 S.W.3d 53 (Mo. banc 2016). "This narrow exception applies to out-of-court statements that exonerate the accused and are 'originally made and subsequently offered at trial under circumstances providing considerable assurance of their reliability. ' " Id. at 57 (quoting Chambers , 410 U.S. at 300, 93 S.Ct. 1038 ) (emphasis added).
In excluding the hearsay statements, the trial court expressly found that "the statements in question do not clearly exonerate the Defendant in the murder[s.]" Defendant, however, completely ignores that finding and the Chambers' exoneration requirement in his point and argument in his brief on appeal. Rather, Defendant's brief *261 focuses entirely upon the purported reliability of the statements as a whole.
"Generally, courts exclude hearsay because the out-of-court statement is not subject to cross-examination, is not offered under oath, and is not subject to the fact finder's ability to judge demeanor at the time the statement is made." Taylor , 298 S.W.3d at 492 (internal quotation marks and citation omitted). The proponent of a hearsay statement has the burden to demonstrate that the statement fits into a recognized exception to the hearsay rule. State v. Reed , 282 S.W.3d 835, 837 (Mo. banc 2009). Defendant, however, fails to point us to any place in the trial record, and our ex gratia review finds none, where he purported to demonstrate to the trial court that any of the hearsay statements in the five offers of proof exonerate him of the murders. Similarly, nothing in his brief before this court purports to demonstrate how each of the hearsay statements in his offers of proof exonerates him of the murders.
If we were to engage in an exoneration analysis of all of the proffered hearsay statements, in the absence of Defendant providing such an analysis to the trial court or in his brief before us, we would have to scour the record and devise arguments on his behalf, thereby becoming his advocate. State v. Massa , 410 S.W.3d 645, 657 (Mo.App. 2013). This is not an appropriate function for an appellate court, State v. Conaway , 912 S.W.2d 92, 96 (Mo.App. 1995), and is something we cannot and will not do, State v. Bell , 266 S.W.3d 287, 290 (Mo.App. 2008) ("This court will not act as an advocate by scouring the record for facts to support Defendant's contentions.").
Defendant has not met his burden to demonstrate how the hearsay statements in his five offers of proof fit into the Chambers exception to the hearsay rule. See Reed , 282 S.W.3d at 837. We cannot, therefore, conclude that the statements are admissible under this exception. Because hearsay statements are generally inadmissible, the trial court did not abuse its discretion in their exclusion. See Taylor , 298 S.W.3d at 495.
Defendant's point is denied, and his convictions are affirmed.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, JR., J.-concurs

All statutory references are to RSMo 2000.