

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111593 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| vs. | ) | |
| | ) | Honorable Milan C. Berry |
| BRANDEN L. JOHNSON, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 18, 2024 |

## Introduction

Branden L. Johnson ("Johnson") appeals from the trial court's judgment following jury convictions for first-degree burglary and fourth-degree assault. In his sole point on appeal, Johnson argues the trial court abused its discretion in denying his motion to endorse an attorney for the State ("Prosecuting Attorney") as a witness. Because Johnson's offer of proof indicated that Prosecuting Attorney's testimony would be limited to inadmissible hearsay evidence, we hold the trial court did not abuse its discretion. We deny Point One and affirm the trial court's judgment.

## Factual and Procedural History

The State charged Johnson with first-degree burglary and fourth-degree assault, alleging that Johnson, acting with an accomplice, entered Victim's house without permission and

threatened Victim with bodily harm and property damage. Before trial, Johnson moved to endorse Alibi Witness, alleging he was at Alibi Witness's house at the time of the offense. The trial court granted the motion, on the condition that the State could depose or interview Alibi Witness.

Prosecuting Attorney subsequently conducted a telephone interview with Alibi Witness. Legal Assistant, who worked for the State, was also present during the interview. Legal Assistant could hear Prosecuting Attorney's statements but not Alibi Witness's responses. Legal Assistant took notes based on her observations of the interview, which were memorialized in Exhibit 27.

The day after the telephone interview, Alibi Witness died unexpectedly. Johnson then moved to endorse Prosecuting Attorney as a witness, and both parties appeared before the trial court to argue the motion. Johnson asserted that he sought to endorse Prosecuting Attorney "solely for the purpose of stating the—the conversation that she had with [Alibi Witness] on the phone." Although Johnson described Prosecuting Attorney's anticipated testimony as hearsay, he posited that an exception applied because "a witness is dead" and "[t]here is no alternative to her testimony." The State contested Johnson's argument on numerous grounds, including, in relevant part, that the anticipated hearsay testimony did not fall into any recognized exception.[1] After reviewing Exhibit 27, the trial court denied Johnson's request to endorse Prosecuting Attorney for the limited purpose of testifying about her conversation with the deceased Alibi

---

[1] Although not relevant to the case's disposition, the State also argued that it was improper to endorse a prosecuting attorney to testify about her conversations with witnesses. Additionally, the State cited foundational issues with the proposed testimony, explaining that Prosecuting Attorney had only spoken to Alibi Witness on the phone, but never met her, and thus could not verify if it was actually Alibi Witness speaking.

Witness.[2]  Following the trial court's order, Prosecuting Attorney entered her appearance as co-counsel on behalf of the State.

The case proceeded to trial, where a jury found Johnson guilty on both counts.  The trial court sentenced Johnson as a prior and persistent felony offender to a twenty-one year prison sentence.  This appeal follows.

## Point on Appeal

In his sole point on appeal, Johnson argues the trial court abused its discretion by denying his motion to endorse Prosecuting Attorney, as she was the sole person who could recount deceased Alibi Witness's statements.  Absent this testimony, Johnson contends he was unable to present a complete defense.

## Standard of Review[3]

"A trial court enjoys considerable discretion in the admission or exclusion of evidence, and, absent clear abuse of discretion, its action will not be grounds for reversal."  State v. Carpenter, 605 S.W.3d 355, 358–59 (Mo. banc 2020) (internal citation omitted).  A trial court abuses its discretion when its decision is "clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration."  Id. at 359 (internal citation omitted).  We

---

[2] In its order, the trial court also granted Johnson's motion to endorse Legal Assistant and denied his motion to admit and publish Exhibit 27.  Johnson did not call Legal Assistant to testify at trial.

[3] We disagree with the State's contention that Johnson failed to preserve this issue for appeal.  "When a prospective witness is precluded from testifying, the proper procedure is for the person protesting such exclusion to preserve the anticipated evidence by an offer of proof in the form of questions and answers, *or a summation by counsel of the proposed testimony*, which should also demonstrate why such testimony was admissible."  State v. Woods, 357 S.W.3d 249, 253 (Mo. App. W.D. 2012) (emphasis added) (internal citation omitted).  Johnson orally summarized to the trial court the proposed testimony and—although we ultimately disagree with his rationale—argued its admissibility.  See id.  Moreover, the trial court reviewed Exhibit 27, which contained additional insight about the proposed testimony.  The hearing transcript, which contains nearly ten pages of argument between the State and Johnson on this particular issue, demonstrates that all parties were alerted to, and the trial court was able to directly rule on, the matter, thereby sufficiently preserving it for appeal.  See id.

will affirm a trial court's ruling regarding the exclusion of evidence if it is correct for any reason, regardless of the reason articulated by the trial court. Revis v. Bassman, 604 S.W.3d 644, 650 (Mo. App. E.D. 2020).

Discussion

"[D]etermining that the proffered evidence is admissible is a necessary prerequisite to any finding of an abuse of discretion in its exclusion." State v. Huckleberry, 544 S.W.3d 259, 260 (Mo. App. S.D. 2017). We therefore begin our inquiry with the narrow question of whether Prosecuting Attorney's proposed testimony was admissible.

Johnson sought to endorse Prosecuting Attorney for the sole purpose of testifying as to the statements Alibi Witness made during her telephone interview. Johnson concedes such statements are hearsay. "Hearsay is an out-of-court statement that is used to prove the truth of the matter asserted and that depends on the veracity of the statement for its value." State v. Taylor, 298 S.W.3d 482, 492 (Mo. banc 2009) (internal citation omitted).

Because hearsay evidence is not subject to cross-examination or offered under oath, it is inadmissible unless it fits into a recognized exception or is used for a nonhearsay purpose. Saint Louis Univ. v. Geary, 321 S.W.3d 282, 291 (Mo. banc 2009). A trial court does not err when it excludes hearsay evidence not subject to an exception. Taylor, 298 S.W.3d at 499; see Huckleberry, 544 S.W.3d at 260. We abide by this principle even when the evidence's relevance or significance is apparent. See State v. Mease, 842 S.W.2d 98, 110 (Mo. banc 1992); State v. Kelley, 953 S.W.2d 73, 85 (Mo. App. S.D. 1997) ("[M]otive can no more be proved by inadmissible and objected-to hearsay than any other fact.").

We agree with Johnson that Prosecuting Attorney's anticipated testimony, in which Alibi Witness's out-of-court statements would be repeated to lend credence to Johnson's alibi defense, is classic hearsay. See Taylor, 298 S.W.3d at 492. Johnson argued to the trial court that the

4

testimony was nevertheless admissible because it fell into an exception as the declarant has died and there was no alternative to her testimony.  We disagree.

Missouri courts recognize certain hearsay exceptions when the declarant is deceased.  See Welp v. Bogy, 277 S.W 600, 602 (Mo. App. 1925).  But Johnson's argument overlooks a critical factor regarding admissibility.  A deceased declarant's prior statements must still comport with an established hearsay exception to be admitted into evidence.  See, e.g., State v. Kemp, 212 S.W.3d 135, 147–48 (Mo. banc 2007) (describing the exception for prior testimonial statements); State v. Robinson, 90 S.W.3d 547, 551 (Mo. App. S.D. 2002) (same, for statements against penal interest); State v. Paschall, 606 S.W.3d 653, 657–58 (Mo. App. S.D. 2020) (same, for dying declaration—where admissibility is limited to statements made when the declarant believes death is imminent and there is no chance for recovery); State v. Hodge, 655 S.W.2d 738, 742 (Mo. App. S.D. 1983) (stating that dying declarations are admissible only in homicide cases); see also Fed. R. Evid. 804(b) (providing only limited hearsay exceptions when the declarant is unavailable); Emerson v. Garvin Grp., LLC, 399 S.W.3d 42, 45 (Mo. App. E.D. 2013) (internal citation omitted) (describing the Federal Rules of Evidence as "suggestive," although not binding).

Critically, Johnson did not identify for this Court any established hearsay exception that applies to Prosecuting Attorney's proposed testimony.  With regard to the hearsay exception for dying declarations, the mere death of a declarant is alone insufficient to meet the requirements for admissibility.  See Hodge, 655 S.W.2d at 742; Emerson, 399 S.W.3d at 45.  Here, the record contains no evidence that Alibi Witness believed death was imminent at the time she spoke to Prosecuting Attorney.  See Hodge, 655 S.W.2d at 742.  Nor is this a homicide case.  See

5

Emerson, 399 S.W.3d at 45. Given the record before us, we find Prosecuting Attorney's proposed hearsay testimony is not subject to any exception under Missouri rules of evidence.

Our determination that the proposed testimony constitutes inadmissible hearsay evidence not subject to any exception resolves our inquiry. See Huckleberry, 544 S.W.3d at 260. The trial court plainly did not abuse its discretion in excluding inadmissible evidence. See Taylor, 298 S.W.3d at 499; Huckleberry, 544 S.W.3d at 260. We affirm the trial court on this ground. See Revis, 604 S.W.3d at 650.

We briefly address two deficiencies in Johnson's argument to this Court. First, Johnson overlooks the requisite initial inquiry—whether the testimony was *admissible*—and instead frames his argument as one of *necessity*. Specifically, Johnson relies on State v. Walton, 899 S.W.2d 915, 919 (Mo. App. W.D. 1995), for the proposition that prosecuting attorneys may testify in limited instances where their testimony is "necessary" due to the "peculiar and unusual circumstances of the case." Although we acknowledge the unique circumstances at play here, Walton is unavailing. The facts in Walton suggest that the prosecuting attorney was not called to testify regarding inadmissible hearsay statements. Walton, 899 S.W.2d at 918–19. Rather, the case suggests that the prosecuting attorney was endorsed to testify about a witness's prior inconsistent statement, which is admissible under Missouri evidentiary rules. See id. Walton thus has no bearing on the circumstances and issues presented in this appeal concerning a party seeking to endorse a prosecuting attorney for the express purpose of eliciting inadmissible evidence.

Second, Johnson relies on State v. Vickers, 560 S.W.3d 3 (Mo. App. W.D. 2018), to argue that disallowing a witness is a drastic action. In Vickers, however, the issue before the court was whether disallowing an alibi witness as a *discovery sanction* was an abuse of

6

discretion. <u>Vickers</u>, 560 S.W.3d at 19–20. As there is no evidence in the record that the trial court excluded Prosecuting Attorney's testimony as a discovery sanction, we find <u>Vickers</u> inapplicable.

Finding no abuse of discretion, Point One is denied. <u>See</u> <u>Carpenter</u>, 605 S.W.3d at 358–59.

Conclusion

The trial court's judgment is affirmed.


_____
KURT S. ODENWALD, Presiding Judge


Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.