STATE of Missouri,
Plaintiff/Respondent,

v.

Leonard DUNCAN,
Defendant/Appellant.

No. ED 98457.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 23, 2013.

Amanda Page Faerber, St. Louis, MO, for appellant.

Evan Buchheim, Jefferson City, MO, for respondent.

## INTRODUCTION

LISA S. VAN AMBURG, Judge.

Leonard Duncan ("Defendant"), appeals from the judgment entered after a jury convicted him of trafficking drugs in the second degree, Section 195.223 RSMo Cum.Supp.2001. Defendant contends, among other things, the trial court erred in permitting the State to impeach a defense witness with Defendant's prior testimony regarding gang affiliation. Specifically, Defendant claims this was improper impeachment and he was prejudiced. We reverse.

## FACTUAL AND PROCEDURAL HISTORY

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. While on routine patrol, two St. Louis City police officers observed the car Defendant was driving fail to stop at a stop sign. The officers pursued the car and Defendant pulled to the curb. Upon approaching the car, one of the officers witnessed, through the rear window, Defendant attempting to place a bag in the center console. The officer observed what he thought were drugs in the bag. The officer ordered Defendant and passenger, Ryan Richardson ("Richardson"), to exit the car. The officer retrieved a bag of what he believed to be crack cocaine from the center console and placed Defendant under arrest. The substance in the bag was determined to be 19.64 grams of cocaine base and Defendant was charged with trafficking drugs in the second degree.

Before trial Defendant filed a motion to suppress evidence obtained from searching and seizing his vehicle, contending his con-

stitutional rights were violated. The court held a hearing on the motion. At this hearing Defendant denied any current gang affiliation on cross-examination but admitted to having been in a gang with Richardson when they were growing up.

Defendant did not testify at trial, however, Defendant called Richardson as a witness. The State questioned Richardson about his gang affiliation and Defendant's admission of prior gang affiliation.

The jury convicted Defendant of trafficking drugs in the second degree. Defendant timely filed a motion for judgment of acquittal, or in the alternative, motion for a new trial alleging, among other things, the trial court erred in permitting the State to impeach Richardson using Defendant's prior testimony at the motion to suppress hearing because it was improper impeachment. The Court denied the motion and sentenced Defendant as a prior offender to twelve years of imprisonment. Defendant appeals.

## DISCUSSION

Defendant contends, among other things, the trial court erred in permitting the State to impeach a defense witness with Defendant's prior testimony regarding his gang affiliation. Defendant claims this was improper impeachment and resulted in prejudice. We agree.

■ Trial courts are afforded broad discretion in determining the permissible scope of cross-examination. *State v. Oates*, 12 S.W.3d 307, 312 (Mo. banc 2000). We review the trial court's admission of testimony of a lay witness for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *Elliott v. State*, 215 S.W.3d 88, 93 (Mo. banc 2007); *State v. Reed*, 282 S.W.3d 835 (Mo. banc 2009).

■ Generally, a witness may be impeached by evidence that on some other occasion he made statements that were materially inconsistent with his trial testimony. Section 491.074 RSMo 2000; *State v. Allison*, 326 S.W.3d 81, 92 (Mo.App. W.D.2010). A party may prove a witness has made previous statements inconsistent with his testimony at trial in an effort to cast doubt on the witness's credibility by introducing that same witness's prior inconsistent statements. *State v. Jakoubek*, 619 S.W.2d 880, 882 (Mo.App. E.D.1981). To properly impeach a witness counsel must lay a foundation by asking the witness whether he made the prior statement, quoting it, and establishing the precise circumstances under which it was made. *State v. Franks*, 685 S.W.2d 845, 850 (Mo. App. E.D.1984).

On cross-examination the State asked Richardson whether he was in the "51 Skan block gangsters *criminal* street gang with the defendant." (Emphasis added). Defendant objected, claiming the State's question was improper impeachment, irrelevant, and prejudicial. The Court overruled his objection. Thereafter the following exchange occurred:

Q [prosecutor]: My question was are you in the 51 Skan, S–C–A–N or S–K–A–N, Skan block gangsters criminal street gang with the defendant?

A: No, you're—no sir. I stay over that neighborhood, but I'm not in that gang.

Q: Okay. Are you aware that the defendant testified under oath in an earlier hearing related to—

[Defense counsel]: Objection, your Honor. Improper impeachment.

THE COURT: Overruled.

Q: Mr. Richardson, are you aware that the defendant testified under oath in a prior proceeding related to this matter that you and he were both in the gang?

A: No, I'm not aware.

Q: Does that change the answer you want to tell the jurors that you just gave?

A: I mean, I know—I mean, that's the neighborhood I grew up in. We all friends, but, you know, I don't look at it like I'm in a gang with them, but we all are close friends.

Q: You're close friends with defendant, Leonard Duncan.

A: Yes, sir.

Q: You guys known each other fifteen years.

A: Yes, sir.

Q: You grew up with him in the Academy neighborhood.

A: Yes, sir.

Q: You hang out with him multiple times a week when you weren't locked up.

A: Yes, sir.

Q: You were hanging out with him on October 2nd, 2010, right?

A: Yes, sir.

■ Here, the State sought to impeach Richardson with a prior statement that was made by someone else and which did not appear materially inconsistent with Richardson's in-trial testimony. At trial as well as in at the motion to suppress hearing Richardson consistently denied gang membership. In response to his denial at trial the State confronted Richardson with Defendant's testimony given at the motion to suppress hearing, and in the process mischaracterized such testimony by suggesting the Defendant admitted to current gang affiliation with Richardson. Thus the court erred in overruling Defendant's timely objections and permitting the State to improperly impeach Richardson with Defendant's prior statement in the presence of the jury.

■ Although the court erred in permitting Richardson to be impeached with Defendant's prior testimony, Defendant is not entitled to relief unless he was prejudiced. *Reed*, 282 S.W.3d at 838. To determine prejudice, the test is whether the improper admission was outcome-determinative. *State v. Barriner*, 34 S.W.3d 139, 150 (Mo. banc 2000). Prejudice is not outcome-determinative when evidence of guilt is otherwise overwhelming. *Id.*; *State v. Norfolk*, 366 S.W.3d 528, 531 (Mo. banc 2012); *State v. Newlon*, 216 S.W.3d 180, 187 (Mo.App. E.D.2007). Overwhelming evidence of guilt suggests there cannot be any reasonable doubt the defendant committed the crime, and the degree of prejudice from the inadmissible evidence must be insubstantial. *State v. Dexter*, 954 S.W.2d 332, 342 (Mo. banc 1997). "Trial court error is not prejudicial unless there is a reasonable probability that the trial court's error affected the outcome of the trial." *State v. Forrest*, 183 S.W.3d 218, 224 (Mo. banc 2006).

■ Here, the evidence of Defendant's guilt is not overwhelming. There is no confession, the testimony is not cumulative of other testimony, and there are no other eyewitnesses. This case is based on two competing version of events, one told by the police officer and the other told by Defendant's key witness, Richardson. The police officer testified he observed Defendant attempting to place a bag of drugs in the center console. The officer observed this by looking through the rear window while approaching the car. Richardson testified the car's tinted windows would have completely obscured any view the officer had into the vehicle and he did not see Defendant with any drugs in his possession on the evening in question. The State's case thus hinges on the jury's belief of the police officer's testimony over that of Richardson's concerning the circum-

stances in which the drugs were found. When circumstances are such that a witness's credibility and believability are pivotal to the outcome of the case, error in impeachment of that witness is prejudicial. *Lewis v. Wahl*, 842 S.W.2d 82, 89 (Mo. banc 1992).

Furthermore, the degree of prejudice to Defendant was not insubstantial. The State deliberately adduced the evidence of Defendant's gang affiliation. The State identified the gang as a "criminal" gang twice while cross-examining Richardson at trial. When Richardson denied any current gang involvement the State mischaracterized Defendant's prior statement to suggest Defendant previously testified both Richardson and he were currently in the gang. The State again alluded to Defendant's gang affiliation with Richardson and the nature of the gang's activities at closing argument when it implored the jury to find Defendant guilty "if you believe that Ryan Richardson and the defendant were working together to push dope in the Academy neighborhood." The State therefore highlighted the significance of Defendant's alleged current gang affiliation, increasing its prejudicial effect on the jury. *See State v. Beal*, 966 S.W.2d 9, 13–14 (Mo.App. W.D.1997) (evidence of a defendant's membership in a gang that includes reference to crimes or acts of the gang is prejudicial); *State v. Wren*, 317 S.W.3d 111, 123–24 (Mo.App. E.D.2010). In sum we cannot say this evidence did not contribute to the jury's verdict. Thus, harmful error resulted.

Accordingly, we find the trial court erred in allowing the State to improperly impeach Richardson by introducing Defendant's prior statement regarding his gang affiliation and that Defendant was thereby prejudiced.[1] Point granted.

1. In light of our finding, we need not address

## CONCLUSION

We reverse Defendant's conviction and remand for a new trial.

KATHIANNE KNAUP CRANE, P.J., and MARY K. HOFF, J., concur.

Defendant's remaining points.