George W. Draper III, Judge
Chadwick Leland Walter (hereinafter, ‘Walter”) challenges his convictions for attempted manufacture of methamphetamine, section 195.21Í, RSMo 2003, and maintaining a public nuisance, section 195.130, RSMo 2000. This Court holds that the trial court plainly erred in failing to grant him a new trial based upon a photograph used in a slideshow .during the state’s closing argument. ( Accordingly, the trial court’s judgment is reversed, and the case is remanded for a new trial.
Factual Background
On August 4, 2011, Walter and his girlfriend, Kathy Martinson (hereinafter, “Martinson”), visited various stores and pharmacies to purchase pseudoephedrine pills, lithium batteries, and fuel for a camp stove. Later that same day, Shane Nicholson (hereinafter, “Nicholson”) was stopped by a trooper for a traffic violation. Nicholson was arrested and taken to the sheriffs office. At the sheriffs office, Nicholson’s cellular telephone- received a call. Nicholson was asked to place the call on “speaker” so that both he and the trooper could hear the conversation. The trooper recognized the voice on the telephone as Walter’s.. During the . conversation, Nicholson, asked Walter if “it was. fire,” and Walter replied,‘Yeah.”[1]
On August 5, 2011, 'the trooper obtained a search warrant for Walter’s residence. The trooper and nine other officers executed ' the -search warrant at Walter’s residence. Once’ they entered Walter’s residence,- they found an active methamphetamine laboratory. Walter was arrested. Walter was charged-with one count of attempted manufacture of a controlled substance and one count of maintáining a public nuisance.
At trial, the state presented evidence that it believed supported a finding of Walter’s guilt. Walter contested the state’s evidence,and presented his own evidence, *122 which, if believed, could support a finding of not guilty.
During its closing argument, the state used a visual presentation with various photographs, diagrams, and lists. The final photograph used in the slideshow was an enlarged color photograph of Walter. In the photograph, Walter is wearing a bright orange prison jumpsuit and the word “GUILTY” is superimposed in large, block, red letters, running diagonally across Walter’s face and filling the frame of the photograph. The jury was then instructed, and it retired to deliberate.
At some point during the jury’s deliberations, defense counsel was either made aware of or viewed the state’s closing argument slideshow. The record does not indicate when during the jury’s. deliberation defense counsel viewed Walter’s photograph with the word “GUILTY” imposed across it. Further, there was no record as to whether the trial court also viewed the state’s slideshow.
After the jury rendered its guilty verdict and was discharged, defense counsel made an objection to the state’s‘improper and prejudicial presentation of Walter’s photograph displayed to the jury during closing argument. [2] Defense counsel stated he did not make a contemporaneous objection because he did not see the photograph at the time it was displayed. The trial court also admitted that it did not see the photograph in the slideshow during closing argument. The state responded - that the photograph without the superimposed text was included in the state’s exhibits. The trial court deferred ruling on the objection until defense counsel filed a motion for new trial.
The trial court held a hearing on Walter’s motion for new trial. Defense counsel further explained that he did not see the photograph becausé he was watching the state’s attorney address the jury and the screen displaying the images was on the opposite side of the room from the jury. The trial court overruled- Walter’s motion for new trial and imposed sentence.
Walter appeals, raising multiple points of error. However, Walter’s first allegation of error regarding the- trial court’s failure to grant him a new trial because the state’s use of altered evidence in a slideshow during closing argument denied him of a fair trial is dispositive.'
Standard of Review
The standard of review for alleged error in closing argument depends upon whether, defense counsel objects. State v. Shurn, 866 S.W.2d 447, 460 (Mo. banc 1993), cert. denied, 513 U.S. 837, 115 act. 118, 130 L.Ed.2d 64 (1994). Walter did not object to the state’s altered photograph in the slideshow presentation during closing argument until after the jury had retired and returned its verdict. A defendant must object at the time an allegedly *123 improper argument to the jury is made to preserve the error. State v. Barker, 410 S.W.3d 225, 234 (Mo.App.W.D.2013). .:Further, when the objection-could'be made during trial, raising the issue for the first time in a motion for new trial is insufficient to preserve the alleged error. Id. The state and Walter both agree that his failure to object to the slideshow during, the state’s closing argument does not preserve the issue for appeal. Accordingly, this issue is reviewed for plain error only.[3]
Including a claim of error in a motion for new trial is a requirement of preserving an issue for review, but a claim of error is not wholly preserved absent a timely objection at trial. ■ Therefore, including a claim of error that was not raised at trial in a motion for a new trial does not change the standard of review from plain error-to the lower standard of review for an abuse of discretion. For an allegation of error to be considered preserved and to receive more than plain error review, it must be objected to during the trial and presented to the trial court in a motion for new trial. See, inter alia, Carter, 415 S.W.3d at 691 (finding the defendant did not object to statements in closing rebuttal argument at trial and the defendant “therefore, did not preserve the issue for review. When a party does not properly preserve an argument at trial, the Court may, in its discretion, review the argument for plain error when there is a manifest injustice or miscarriage of justice.”); State v. MeFadden, 369 S.W.3d 727, 750 (Mo. banc 2012) (failure of defense counsel to object to state’s closing argument results in plain error review); State v. Tisius, 362 S.W.3d 398, 409 (Mo. banc 2012) (acknowledging . that defense counsel’s failure, .to object to the state’s closing argument results in plain error standard of review pursuant to Rule 30.20); State v. Evans, 410 S.W.3d 258, 265 (Mo.App.W.D.2013) (‘When counsel does not object, however, any claim of error regarding closing argument is not preserved and can be reviewed, if at all, for only plain error resulting in a -manifest injustice.”); State v. Thompson, 401 S.W.3d 581, 590 (Mo.App.E.D.2013) (finding defendant did not offer a timely objection at the time of the alleged error during closing argument and that his filing of a motion for - new trial with the- allegation of error failed to preserve the issue for appellate review); State v. Goeman, 386 S.W.3d 873, 881 (Mo.App.S.D.2012) (“Raising-an issue for the first time in a motion for new trial, when an objection could have been made at trial, is insufficient to preserve the claimed error for appellate review.”); State v. Tramble, 383 S.W.3d 34, 37-38 (Mo.App.E.D.2012) (reviewing the defendant’s allegation of error during closing argument for abuse of discretion because the allegation of error was preserved at trial and in the motion for new trial); State v. Chambers, 234 S.W.3d 501, 512 (Mo.App.E.D.2007) (quoting State to. Petty, 967 S.W.2d 127, 140 (Mo.App.E.D.1998) and finding that the “general rule with respect to preservation of error is that an.objection stating the grounds must be made .at trial, the same objection must be .set out in the motion for new trial and must be carried forward in the appellate brief to preserve it.”); and State v. Lingle, 140 S.W.3d 178, 190 (Mo. *124 App.S.D.2004) (finding defendant did not preserve'a complaint-for review-when.*he failed to object- during closing argument but requested a mistrial at the conclusion of the state’s argument and included the alleged error in his motion for, new trial). Merely-, presenting an allegation of unob-jected error in, a motion -for new trial preserves nothing other than-the opportunity for an appellate court to engage in plain error review. “[F]ailure to properly object to closing argument at the time it is made to a jury results in a waiver -of any right to complain of the argument on appeal, even if the point is preserved in an after trial motion.” State v. Hall, 319 S.W.3d 519, 523 (Mo.App.S.D.2010) (quoting State v. Samuels, 88 S.W.3d 71, 83 (Mo.App.W.D.1993) and Nishwitz v. Blosser, 850 S.W.2d 119, 124 (Mo.App.E.D. 1993)).
An error'committed during closing argument will only result in a reversal when it arhounts to prejudicial error. State v. Miller, 372 S.W.3d 455, 475 (Mo. banc 2012). “A conviction will be reversed based -on plain error in closing- argument only when it is established that the argument had a decisive effect on the outcome of the trial and amounts to manifest injustice.” State v. Edwards, 116 S.W.3d 511, 536-37 (Mo. banc 2003), cert. denied, 540 U.S. 1186, 124 S.Ct. 1417, 158 L.Ed.2d 92 (2004); Rule 30.20. “The defendant’s failure to object to an improper argument is often strategic, and uninvited intervention may emphasize the matter in a way the defendant chose not to.” State v. Carter, 415 S.W.3d 685, 691 (Mo. banc 2013). In reviewing closing arguments, this Court examines the context of the argument made in light, of the entire records State v. Anderson, 306 S.W.3d 529, 543 (Mo. banc 2010), cert. denied, 562 U.S. 931, 131 S.Ct. 327, 178 L.Ed.2d 212 (2010); State v. Taylor, 298 S.W.3d 482, 510 (Mo. banc 2009), cert. denied, 560 U.S. 928, 130 S.Ct. 3323, 176 L.Ed.2d 1226 (2010); Edwards, 116 S.W.3d at 537.
Analysis
Walter challénges the trial court’s denial of his,motion for new trial based upon an objectionable • photograph in the state’s closing argument. Walter asserts that the state’s use of an altered photograph depicting him in his bright orange prison jumpsuit and with the word “GUILTY” stamped across his face in big, red, block letters deprived him of a fair trial. Walter claims the only purpose for the altered photograph was to inflame the jury.

Use of the altered photograph was improper

Upon Walter’s request, the trial court ordered the state to provide Walter and the trial court a copy of the slideshow it used during its closing argument. The state fully complied'with this order and reduced the images to printed pages that were able to be included in the legal file for appellate review.[4] The sli-deshow consisted of a title -page, fourteen typed pages with the -state’s evidence and/or timeline, three diagrams of the residence, and twenty-two separate photographic images, the last image being the altered photograph of Walter in his orange prison jumpsuit.
*125 During closing argument, the state is allowed to argue the evidence and all reasonable inferences from the evidence. State v. Brown, 337 S.W.3d 12, 14 (Mo. banc 2011). While the state has wide latitude in closing arguments, closing arguments must not go beyond the evidence presented, and courts should “exclude ’statements that misrepresent the evidence or the law, introduce irrelevant prejudicial matters, or otherwise tend to confuse the jury.’” State v. Deck, 303 S.W.3d 527, 543 (Mo. banc 2010), cert. denied, 561 U.S. 1028, 130 S.Ct. 3505, 177 L.Ed.2d 1095 (2010). Further, a prosecutor may not “stray beyond the evidence presented to the jury, suggest special, .or personal knowledge, or make ad hominem attacks designed to inflame the jury.” State v. Rasheed, 340 S.W.3d 280, 286 (Mo.App.E.D.2011). “The latitude given to parties in .closing does not serve as an end run around the law of evidence.” Brown, 337 S.W.3d at 15.
The state argues that the photograph was admitted as'part of an-exhibit with Walter’s booking- records.[5] The photograph in the exhibit was in am unaltered form, not bearing the red, block letters spelling “GUILTY” "across Walter’s face. Since the state is allowed to make inferences from the evidence, it asserts there was no error in altering the photograph and placing it in the closing argument slideshow. This Court disagrees.
. Closing argument .grants each side the opportunity to highlight the evidence that was, presented. Using visual aids in explaining a case to a jury is acceptable, but the visual aid must contain admissible, evidence. Matter of Passman’s Estate, 537 S.W.2d 380, 386 (Mo. banc 1976). Parties are not allowed the opportunity “to present altered versions of admitted evidence to support [his or her] theory of the case .... ” State v. Walker, 182 Wash.2d 463, 341 P.3d 976, 985 (2015); see also In re Glasmann, 175 Wash.2d 696, 286 P.3d 673, 678 (2012) (“Indeed, here the prosecutor’s modification of photographs by adding captions was the equivalent of unadmitted evidence.”).
The state’s modification of the photograph.,by adding the red, block letters with the word “GUILTY” and superimposing it across Walter’s face clearly altered the form of the .admitted evidence. . As altered, this photograph .would not have been admissible evidence. Accordingly, the use of the altered photograph was the equivalent of introducing unadmitted evidence.[6] Accordingly, it was error and this Court must determine whether this amounted to prejudicial error.

Walter was prejudiced

The trial court erred in allowing the state to use Walter’s altered photograph with the word “GUILTY” imposed across his face, but Walter is not entitled to relief unless he was prejudiced. Miller, *126 372 S.W.3d at 475. The state asserts that even if adding Walter’s altered photograph in the closing argument slideshow were in error, there was overwhelming evidence of his guilt. Hence, the state believes that Walter’s conviction should stand because “overwhelming evidence of guilt may lead an appellate court to find that a defendant was not prejudiced by trial court error.” State v. Banks, 215 S.W.3d 118, 121 (Mo. banc 2007).
The issue of prejudice in many cases is resolved by finding a defendant was not harmed by an improper closing argument due to the existence of overwhelming evidence and that, accordingly, there is no prejudice. State v. Brightman, 388 S.W.3d 192, 203 (Mo.App.W.D.2012); State v. Barton, 936 S.W.2d 781, 786 (Mo. banc 1996). “Overwhelming evidence of guilt suggests there cannot be any reasonable doubt the defendant committed the crime_” State v. Duncan, 397 S.W.3d 541, 544 (Mo.App.E.D.2013); see also State v, Dexter, 954 S.W.2d 332, 342 (Mo. banc 1997). Trial court error will be found'to be prejudicial when “there is a reasonable probability that the trial court’s error affected the outcome of the trial.” Duncan, 397 S.W.3d at 544 (quoting State v. Forrest, 183 S.W.3d 218, 224 (Mo. banc 2006), cert. denied, 549 U.S. 840, 127 S.Ct. 75, 166 L.Ed.2d 68 (2006)).
In this case, it is clear the state made a submissible case against Walter. Yet, the relevant inquiry is not whether a submissi-ble case was made, but rather whether the state’s use of Walter’s altered photograph had an effect on the jury’s deliberations to the point that it contributed to the guilty verdict. Walter contested the state’s evidence presented and offered his own version of events, which, if' believed, would serve as the basis for ah acquittal. Looking at the entirety of the record, there was not overwhelming evidence to support only a guilty conviction.,
I'n support of Walter’s defense, Martin-son testified she purchased the items to manufacture methamphetamine. Martin-son further testified that her intent in purchasing those items was to manufacture methamphetamine. Martinson stated that the manufacturing was done without Walter’s knowledge and outside of his presence. There was no evidence Walter knew how to make methamphetamine. While Walter did purchase some pseu-doephedrine pills, there was evidence that he suffered from chronic sinus infections and used the pseudoephedrine pills to treat his symptoms. Further, the presence of the syringe in the jeans at Walter’s home was hot connected to either methamphetamine use or to Walter.
Rather than merely relying on the evidence it presented, the state chose to alter a piece of admitted evidence and present it to the jury during closing argument. The only rational reason the state could have for presenting this altered photograph of Walter in his recognizable orange prison jumpsuit was to influence the jury’s determination of his guilt. The state argues that it did nothing improper because the photograph was previously admitted, in its unaltered state.[7]
The state’s obligation in a criminal prosecution is not to win the case but to do justice. Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 *127 (1935). “It is as much [the state’s] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.” Id. This Court has observed that during trial, opposing counsels may believe that “zealous advocacy permits, if not demands, that opponents be personally derided and that cases should be decided by appeals to prejudice, fear, envy, and bias, regardless of whether those emotions have anything to do with the facts and law of the case.” Banks, 215 S.W.3d at 122. This mindset is antithetical to the purpose of a trial and should not be tolerated.
“The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.” Coffin v. United States, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481, 491 (1895). The impact a particular action may have on a jury is difficult to fully determine, but this Court may look to “the likely effects of a particular procedure, based on reason, principle, and common human experience.” Estelle v. Williams, 425 U.S. 501, 504, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976). This Court recognizes that forcing a defendant to appear at trial in prison-issued attire undermines the presumption of innocence and the fairness of the fact-finding process. State v. Harris, 868 S.W.2d 203, 208 (Mo. App.W.D.1994) and Deck v. Missouri, 544 U.S. 622, 630, 125 S.Ct. 2007, 2013, 161 L.Ed.2d 953 (2005). A defendant is not required to-appear at his or her trial wearing prison attire “because of the possible impairment of the presumption so basic to the adversary system” Estelle, 425 U.S. at 504, 96 S.Ct. at 1693. “[T]he consequences of compelling a defendant to wear prison clothing or of binding and gagging an accused during trial, the precise consequences . .■. cannot be shown from a trial transcript.” Riggins v. Nevada, 504 U.S. 127, 137, 112 S.Ct. 1810, 1816, 118 L.Ed.2d 479 (1992) (internal citations omitted). The Supreme Court recognized that .a defendant appearing in “such distinctive, identifiable attire may affect a juror’s judgment.” Estelle, 425 U.S. at 504-05, 96 S.Ct., at 1693.
While Walter was not forced to appear physically in prison attire during his trial, the altered photograph the state presented during its closing argument compelled the same de facto influence upon the jury. “[V]isual arguments manipulate audiences by harnessing rapid unconscious or emotional reasoning processes and[1] by exploiting the fact that we do not generally question the rapid conclusions we reach based on visually presented information.” Lucille A. Jewel, Through a Glass Darkly: Using Brain and Visual Rhetoric to Gain A Professional Perspective on Visual Advocacy, 19 S. Cal. Interdisc. L.J. 237, 289 (2010).
Conclusion
In this case, the state’s use of the altered photograph of Walter impinged upon the presumption of innocence and the fairness of the fact-finding process by juxtaposing the photograph of Walter wearing prison attire and ' “GUILTY” stamped across his face with him sitting at the defendant’s table in plain clothes. The trial court erred in failing to grant Walter a new trial based upon the state’s use of the altered photograph during closing argument, and Walter was prejudiced thereby. Accordingly, Walter’s convictions for attempted manufacture of methamphetamine and maintaining a public nuisance are vacated, and. the case is remanded for a new trial. ¡
This Court need not address Walter’s remaining points on appeal. “Prolix *128 claims of trial error are presented which will not necessarily occur on retrial, and so we do not consider them. The state may study the appellant’s brief and decide whether there are risks as to evidence and argument which should be avoided when the case is tried again.” State v. Wacaser, 794 S.W.2d 190, 196 (Mo. banc 1990). This Court will not issue an advisory opinion. State v. Swiggart, 458 S.W.2d 251, 252 (Mo.1970).
The trial court’s judgment is vacated, and the case is remanded for a new trial.
Breekenridge, G.J., Stith and Teitelman, JJ., concur; Wilson, J., dissents in separate opinion filed; Russell, J., dissents in separate opinion filed; Fischer, J., concurs in opinion of Russell, J.

; Among methamphetamine users, “fire” refers, to a "good” or "excellent” quality drug. However, there was no evidence presented as to whether Walter knew the terminology employed by methamphetamine users.

. Neither defense counsel nor the trial court were presented with an advance copy of the state's slideshow. Accordingly, the first opportunity they had to view it was contemporaneously with the jury during the state’s closing argument. However, due to the configuration of the courtroom, it has been represented that it was not possible to observe the state, the jury, and the slideshow at the same time. Defense counsel and the trial court both indicated they were attempting to observe either the state and/or the jury and did not watch the slides during closing argument. At some point in time, after the juty had retired, defense counsel either saw or was made aware of the objectionable photograph embedded within the slideshow. Defense counsel raised the objection to the photograph after the jury returned with its verdict. Any objection made during deliberations, assuming defense counsel knew of the objectionable photograph at that time, would have had no impact as the jury had already been instructed and retired.

. Contrary to Judge Wilson’s position in his dissenting opinion, Walter’s failure to object to the admission at trial of Walter's photograph with the word "GUILTY" superimposed across the photograph makes his claim of error unpreserved. State v. Carter, 415 S.W.3d 685, 691 (Mo. banc 2013). The fact that he raised the alleged error in his motion for new trial does not change his unpreserved error, which can be reviewed only as plain error, into preserved error, which can be reviewed for an abuse of discretion of the trial court.

. Given the' inclination toward the ever-increasing use of technology in our daily lives and the courts, it is inevitable that diere will be an increase in the use of more technology during trials. To control the potential erroneous and prejudicial impact upon a jury, attorneys are encouraged to provide a preview of any slideshow to defense counsel before showing it to a juty. This simple act is not burdensome and could prevent the necessity of remanding a case for a new trial.

. This exhibit was not made part of the record on appeal. However, it is uncontested that the smaller, unaltered photograph was admitted into evidence during the state’s rebuttal. Walter objected to the admission of his booking records, but he did not object specifically to the admission of the photograph.

. The state’s commentary that the slideshow depicted Walter’s photograph and then the prosecutor merely wrote "guilty” across that image during the slideshow is specious. ' When the state reduced the slideshow to printed material, it is clear there was only one photograph of Walter’s shown. Further, the . state’s comments that the prosecutor merely wrote "guilty” on the photograph as part of his argument also rings hallow. The all capital block lettering of the word "guilty” on Walter’s photograph clearly was part of a pre-designed slideshow with á graphic, rather than the prosecutor modifying an image as he was speaking to the jury.

. While the state, may argue there was no improper use of Walter's photograph because it was a previously admitted exhibit, the state did not label it as an exhibit in the slideshow. Each photograph included in the slideshow, but for the altered photograph, was labeled with an exhibit number. Walter’s áltered photograph had no such exhibit number displayed on it.

. Both the majority and dissenting'opinions attempt to justify applying the wrong stan■dard of-review in this case by noting that both parties agree "plain error” review is appropriate. Identifying the proper standard of review is a question of law, and agreements between the parties "cannot be invoked to bind or circumscribe a court in its determination of questions of law.” State v. Biddle, 599 S.W.2d 182, 186 n, 4 (Mo. banc 1980), See State v. Hardin, 429 S.W.3d 417, 421 n. 4 (Mo. banc 2014) (state conceded defendant’s double jeopardy claim, but this Court denied the claim after noting "parties cannot stipulate to legal issues”).