

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD35814 |
| | ) | |
| ANDREW WAYNE LESTER, | ) | **Filed: November 25, 2019** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Robert M. Liston, Senior Judge

**<u>AFFIRMED</u>**

Andrew Wayne Lester ("Appellant") appeals his conviction of five counts of

section 566.062, an unclassified felony of statutory sodomy in the first degree. He claims

trial court error when it made statements to two members of the jury "naming [Appellant]

and his counsel as the parties who had accused said jurors of misconduct during trial."

Appellant did not ask for a mistrial on that basis at trial; he does not ask for plain error

review. We find no error and affirm the judgment.

First, we observe that trial counsel did not raise this precise issue at trial. During

trial and before the close of the evidence, Appellant's counsel believed she observed two

jurors discussing the evidence before deliberations. Appellant's counsel believed she heard one juror comment to another during the police officer's cross-examination something to the effect of "[i]t would matter if he was innocent," presumably in reference to Appellant. The trial court called both of the jurors aside out of the presence of the rest of the jury and questioned them extensively. During that questioning, the court indicated that it was Appellant's counsel who believed she heard two jurors talking during cross-examination. After the questioning assured the court that the jurors had not made up their mind and neither could remember any comment that was negative to Appellant, Appellant's counsel stated: "Judge, I'm – I've got to admit, I'm a little concerned that being identified as the person who questioned whether or not they said something, if they're going to hold that against me that they were brought in here and questioned. I just want to raise that as a concern." Appellant's counsel did not ask for a mistrial at that point. The following discussion took place between the trial court and Appellant's counsel:

> [Appellant's Counsel]: Well, at this point, I'm just tendering the motion for judgment of acquittal at the close of State's evidence, and as I stated, the -- the only thing that I would add is my concern that [Appellant's] rights -- constitutional rights may have been violated by potential juror misconduct as we've addressed with the Court.
>
> THE COURT: You haven't said the word "mistrial."
>
> [Appellant's Counsel]: Judge -- well, Judge, I think if the Court were to find that -- that misconduct had occurred, I think, then, the remedy would be a mistrial, and that would be what I would ask for.
>
> THE COURT: Yeah. I can't -- I can't mistry it -- after making the inquiry, you heard some people talking, which they shouldn't have been doing while you were conducting an examination, and you think you know what they said, but it's been denied by one and not heard by the other, whatever was said, and so I just don't have an adequate basis to mistry the case.

2

[Appellant's Counsel]: And, Judge, then I would state my other concern is that I don't know, now because they've been called out and questioned, if they're going to feel any added hostility towards the defense.

THE COURT: I intend to say something when they come back.

[Appellant's Counsel]: Okay.

THE COURT: I intend to -- I do now deny your motion for judgment of acquittal at the close of the evidence.

. . . .

THE COURT: All I intend to do is to say that I hope that they understand that the Court must ensure that there has been no failure to observe the admonitions that the Court has made throughout the proceedings and take it on myself. Okay?

The jury was then brought back into the courtroom and the trial court stated to all of the jurors:

Okay, good people. You probably have observed that we called a couple people in here and separated them from you for a minute, and I questioned them about something. And of course, you know, I've had very few things to rule on here, and I'm from Sedalia, Missouri. I don't want to get anybody mad at me down here in Camden or think I'm some kind of ogre, but the old expression that you see in the old westerns, give them a fair trial before you hang them, that's not how – that's not how our law operates, and it's on me to make sure that that doesn't happen. So I didn't do anything to -- to try and embarrass anybody. My function here, my job, is to make sure that a fair trial occurs, and so that's – that's what I was doing. And we can go ahead and proceed and finish it up now at this point, and I thank the two people I talked to for their frankness.

. . . .

I just want to say I didn't intend to single anybody out or embarrass anybody. When the Court overhears someone concerned about whether somebody's getting a fair trial, it's my obligation to look into that.

Appellant did not object or request a mistrial after the final statements to the jury.[1]

Appellant now claims that the statements highlighted the fact to the whole jury that jurors were removed and questioned because of accusations of impropriety made by Appellant and his counsel. Appellant argues that it embarrassed the two jurors in question, accused them of engaging in misconduct and likely prompted these jurors to defend themselves by disclosing Appellant's accusations to the rest of the jury and labeling them as frivolous. Appellant raised that issue in his motion for new trial, but the parties disagree on whether the issue raised in the motion for new trial was fully addressed in an objection at trial. When an objection could be made during trial, raising the issue for the first time in a motion for new trial is insufficient to preserve the alleged error -- and generally, if an objection is made during trial, that same objection must be set out in the motion for new trial to preserve the alleged error. **State v. Walter**, 479 S.W.3d 118, 123-24 (Mo. banc 2016) (citations and quotations omitted).

"The decision whether to declare a mistrial rests largely within the discretion of the trial court because the trial court has observed the incident that precipitated the request for a mistrial and is in a better position than is the appellate court to determine what prejudicial effect, if any, the incident had on the jury." **State v. Albanese**, 9 S.W.3d 39, 51 (Mo.App W.D. 1999) (internal quotations and citations omitted). "Granting a mistrial is a drastic remedy and should be exercised only in extraordinary circumstances where the prejudice to the defendant cannot be removed any other way." **Id.** (internal

---

[1] In Appellant's post-trial Motion for Acquittal or in the Alternative for a New Trial, he claimed trial court error in not declaring a mistrial upon: (1) learning of the jurors' discussion; (2) in compounding the problem by disclosing that it was the defense who overheard the discussion, and (3) compounding the problem by comments made to the juror panel about said discussion. That motion was heard and denied at the subsequent hearing on July 26, 2018.

quotations and citations omitted).

The State argues that only the comments to the individual jurors were preserved for appeal. Because we find none of the remarks made by the trial court were improper, we do not address the preservation argument. Although the entire discussion by Appellant's counsel does not clearly indicate a mistrial was requested on the basis of the court's discussion with the two jurors, Appellant seems to argue that the complaint about juror misconduct and the court's comments are inseparable. In this case, it does not matter to the ultimate outcome because a careful review of the court's statements to the jurors does not indicate any hostility to Appellant or his attorney. The comments were intended to solicit information whether the jurors had made up their minds before all the evidence had been presented. The trial court appeared to have responded to a valid objection made by Appellant's counsel. It appears the trial court was simply explaining to the jurors why they were being questioned and, subsequently, to the remaining jurors what had happened when the jurors were called out.

At every trial, the trial court reads an instruction that admonishes the jurors to listen to all the evidence: "Until this case is given to you to decide, you must not discuss any subject connected with the trial among yourselves, or form or express any opinion about it, and, until you are discharged as jurors, you must not talk with others about the case, or permit them to discuss it with you or in your hearing." MAI-CR 4th 400.04. A jury is further instructed, "You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case. . . . Do not make up your mind during the trial about what the verdict should be. Keep an open mind until you have heard all the evidence and the case is given to you to decide." MAI-CR 4th 402.01.

5

The trial court properly followed up on the complaint that the instructions may not have been followed. We must defer to the trial court's superior vantage point to appraise the trial situation. "'There is no error as long as the trial judge does not express an opinion as to the nature, content or truthfulness of the evidence.'" *State v. Dobyns*, 536 S.W.3d 367, 368 (Mo.App. S.D. 2017) (quoting *State v. Hicks*, 501 S.W.3d 914, 918 (Mo.App. S.D. 2016)). There was no abuse of discretion in denying a mistrial. There was no comment by the court that related to Appellant's guilt or innocence or the truthfulness or importance of any specific evidence, or that was facially contemptuous of defense counsel, and could have been construed to indicate the trial court believed that Appellant was guilty. *Hicks*, 501 S.W.3d at 918-19. Point is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs