

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112269 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 2322-CR00538-01 |
| | ) | |
| LEROY M. HOLLOWAY, | ) | Honorable Annette Llewellyn |
| | ) | |
| Appellant. | ) | Filed: July 15, 2025 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Cristian M. Stevens, J.

## OPINION

The events giving rise to this criminal case occurred on March 22, 2023 when police were called to a shooting at an apartment complex on Newstead Avenue in St. Louis City. A disturbance had occurred among appellant Leroy Holloway, his sister Monica Holloway, and her occasional boyfriend Jamie Pratt. The incident culminated in a shooting in which Pratt was shot. Pratt told the police dispatched to the scene that Holloway shot him and was upstairs in an apartment. Police detained Holloway and found a firearm in his waistband.

Because Holloway was a felon, the State charged him under section 571.070 with the unlawful possession of a firearm.[1] The State did not charge Holloway for shooting Pratt. Before trial, the court issued an order in limine excluding any reference to the shooting and, instead, ordered the parties to refer to the shooting of Pratt as an "altercation."

---

[1] All statutory references are to the Revised Statutes of Missouri (2016) (Cum. Supp. 2024).

Holloway now appeals the judgment entered upon the jury's guilty verdict. In his sole point on appeal, Holloway claims the trial court abused its discretion by denying his motion for mistrial because the State in its closing argument violated the court's order in limine when it linked the altercation in which Pratt was injured with Holloway's possession of a firearm. Holloway contends that the prejudice resulting from this improper argument was magnified because during the trial the State made "nudge nudge, wink wink, say no more"[2] allusions to the shooting and to Holloway's possession of a gun when the shooting occurred. For its part, the State contends that its argument was a proper inference drawn from the evidence, and regardless, the overwhelming evidence of Holloway's guilt outweighed any prejudice.

We are troubled by the State's conduct in this case in which the State twice violated the limine order, in an arguably cynical fashion, by attempting to prove a crime with which it *did not charge* Holloway. Yet, Holloway has failed to show outcome-determinative prejudice in light of the overwhelming and undisputed evidence of his guilt in that he was a convicted felon found with a firearm while legally searched by police.

### Background

On March 22, 2023, at approximately 2:00 a.m., police responded to an apartment complex located on Newstead Avenue in St. Louis City following multiple reports of a shooting. The shooting occurred during an argument and a physical altercation among Holloway, his sister, and Pratt. Pratt told police that Holloway shot him and was in an upstairs apartment. Police detained Holloway and found a firearm in his waistband. Holloway was a convicted felon.

---

[2] From Monty Python's Flying Circus, first season skit, a phrase meant to convey that the speaker is hinting at something without directly stating it, while also indicating that the listener should understand the hidden meaning. *Monty Python and the Flying Circus: How to Recognize Different Types of Trees from Quite a Long Way Away* (BBC television broadcast Oct. 19, 1969).

In October 2023, the State charged Holloway with unlawful possession of a firearm and he was tried the following week. Holloway raised the defense of necessity contending that he took the gun from his sister, a gun he claimed belonged to her, to keep her from shooting Pratt.[3] On November 1, the jury convicted Holloway and the court sentenced him to seven years in prison but suspended execution and put him on four years' probation.

Before trial, Holloway moved in limine to exclude any evidence of the shooting, including police bodycam footage that captured Pratt's statement that Holloway shot him. Holloway argued that since Pratt was not going to testify and the State did not charge Holloway with the shooting, such evidence would be irrelevant, hearsay, and unfairly prejudicial. Holloway also moved to suppress the search that produced the gun. The State, for its part, argued the search was legal and that evidence of the shooting including Pratt's recorded accusation explained the police's presence and later search of Holloway.

On the morning before trial began, the trial court took up Holloway's motions and engaged with both counsel in a lengthy, on-the-record discussion. Ultimately, Holloway offered to withdraw his challenge to the search's legality in exchange for the court requiring that the parties refer to the shooting as a "disturbance," not a "shooting." The court agreed with this scheme because "anything to do with the shooting may be more prejudicial than probative."

As a result, the court imposed the following restrictions on the parties: First, that the police responded to the scene because of an "altercation" (not a "shooting") and further

---

[3] The defense of necessity is an affirmative defense outlined in Section 563.026. *State v. Hurst*, 663 S.W.3d 470, 473 (Mo. banc 2023). To successfully raise the necessity defense for otherwise criminal conduct, the defendant must prove: (1) the criminal conduct is necessary as an emergency measure, (2) to avoid an imminent public or private injury, (3) that is about to occur through no fault of the defendant, and (4) it is objectively reasonable in light of the injury to be avoided. *Id*. at 473-74.

investigation led them to believe Holloway was responsible for the altercation[4]; second, that the bodycam recording of Pratt saying Holloway shot him was excluded; and third, that the only bodycam footage allowed would be after police detained Holloway which included Holloway denying he had the gun police found tucked in his waistband.

Trial began. The State called one of the responding officers who told the jury how the officers came to interview, detain, and search Holloway at the scene. Upon entering the apartment complex, the officer found Pratt "yelling in pain." The State then asked if Pratt said anything about Holloway that led him to believe Holloway had a gun. At that point, Holloway requested a mistrial because by so closely juxtaposing Pratt's injury with Holloway's gun possession, the State openly intimated that Holloway shot Pratt in violation of the order in limine. The trial court denied this mistrial request.

Then in closing, the State made its improper argument even more blatantly – that the police had responded to calls of a serious injury and that "[w]hat's supported by the facts is that Mr. Holloway unlawfully possessed a firearm, and while doing so Pratt was injured by the defendant." Holloway did not object at this point.

Then, during rebuttal, the State again argued, "we do know that Mr. Pratt … was actually injured. And when was he injured? When the defendant possessed a firearm … Mr. Pratt was injured by the defendant while he possessed a firearm." This time Holloway objected and again

---

[4] "Evidence offered to explain subsequent police conduct must be necessary to provide background and context to police conduct and must not be allowed to elicit details directly connecting the defendant to the crime." *State v. Hollowell*, 643 S.W.3d 329, 337 (Mo. banc 2022) (internal quotations omitted); *See also State v. Edwards*, 116 S.W.3d 511, 532-33 (Mo. banc 2003) (affirming a conviction where the trial court consulted with both parties' counsel outside the presence of the jury, and sanctioned a line of questioning which allowed police testimony that generally referenced third party out-of-court statements to explain their discovery of a murder weapon without claiming the defendant had used the weapon.)

4

requested a mistrial. The court took the mistrial motion under submission but denied it. The jury convicted Holloway and this appeal follows the court's judgment upon that conviction.

## Standard Of Review

The decision to grant or deny a mistrial motion is a matter within the sound discretion of the trial court. *State v. Witte*, 37 S.W.3d 378, 383 (Mo. App. S.D. 2001); *State v. Jones*, 921 S.W.2d 28, 32 (Mo. App. W.D. 1996). The decision should be honored by the appellate courts unless there is a clear showing in the record that the trial court abused its discretion. *Witte*, 37 S.W.3d at 383. When properly preserved, review of a trial court's rulings during closing argument is for abuse of discretion, and an argument that requires reversal must amount to prejudicial error. *State v. Forrest*, 183 S.W.3d 218, 226 (Mo. banc 2006). Prejudice is established if there is a reasonable probability that, but for the improperly admitted argument, the jury would have reached a different result. *State v. Hollowell*, 643 S.W.3d 329, 337 (Mo. banc 2022). In other words, the question is whether the improper admission was outcome-determinative. *State v. Duncan*, 397 S.W.3d 541, 544 (Mo. App. E.D. 2013). Prejudice is not outcome-determinative when evidence of guilt is otherwise overwhelming. *Id*. Overwhelming evidence of guilt suggests there cannot be any reasonable doubt the defendant committed the crime, and the degree of prejudice from the inadmissible evidence must be insubstantial. *Id*.

## Discussion

We find that although the State's closing argument was improper, the trial court did not abuse its discretion by denying Holloway's mistrial request because the evidence of his guilt was overwhelming.

A prosecutor may not argue facts outside the record. *State v. Storey*, 901 S.W.2d 886, 900 (Mo. banc 1995). Assertions of fact not proven amount to unsworn testimony by the prosecutor. *Id*. Generally, evidence of other crimes is inadmissible if it is offered to show that a

defendant is a person of bad character or has a propensity to commit crimes. *State v. Conley*, 873 S.W.2d 233, 236 (Mo. banc 1994). However, "[vague] and indefinite references to misconduct do not warrant a mistrial unless the reference is clear evidence of the defendant's involvement in another crime." *State v. Turner*, 367 S.W.3d 183, 188 (Mo. App. S.D. 2012). But prejudice caused by an improper closing argument can be resolved when there is overwhelming evidence of the defendant's guilt. *State v. Barton*, 936 S.W.2d 781, 786 (Mo. banc 1996). "Overwhelming evidence of guilt suggests there cannot be any reasonable doubt the defendant committed the crime…" *Duncan*, 397 S.W.3d 541, 544.

Manifestly, the State flaunted the court's limine order by effectively trying Holloway for an uncharged crime – that is, the shooting of Pratt. Its inappropriate conduct is magnified by the simplicity of the crime it *did* charge and the overwhelming and undisputed evidence of Holloway's guilt of that crime. In short, the State's conduct contravenes the heightened duty ascribed to and expected from prosecutors.[5]

But again, the evidence of Holloway's guilt was overwhelming. The jury saw Holloway lie to police that he had no gun moments before police found one wedged in his waistband. And Holloway testified that he knowingly possessed the firearm and that he had felony convictions. Additionally, the jury was properly instructed not to consider contemporaneous or past bad acts when weighing Holloway's necessity defense against his admissions. For the above reasons, we

---

[5] "[T]he responsibility of a public prosecutor differs from that of the usual advocate." *In re Schuessler*, 578 S.W.3d 762, 773 (Mo. banc 2019) (quoting *State v. Harrington*, 534. S.W.2d 44, 50 (Mo. banc 1976)). "[T]he prosecutor's primary duty is not to convict but to see that justice is done." *Id*. Furthermore, as Rule 4-3.8's comment provides: "A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice and that guilt is decided on the basis of sufficient evidence." *State v. Banks*, 215 S.W.3d 118, 119-20 (Mo. banc 2007) (quoting Rule 4-3.8).

find the prejudice caused by the State's closing argument to be overcome by the overwhelming evidence of Holloway's guilt. *State v. Hurst*, 845 S.W.2d 669, 671 (Mo. App. E.D. 1993).

## Conclusion

Accordingly, we affirm.

_____
James M. Dowd, Presiding Judge

Angela T. Quigless, J., and
Cristian M. Stevens, J., concur.

7